**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MACK INDUSTRIES, LTD., | ) | Case No. 17-09308 |
| | ) | |
| Debtor. | ) | Hon. Carol A. Doyle |
| | ) | |
| | ) | Hearing: June 1, 2017 at 10:00 a.m. |

**NOTICE OF MOTION**

TO:  ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that on Thursday, June 1, 2017, at 10:00 a.m., or as soon thereafter as counsel may be heard, we shall appear before the Honorable Carol A. Doyle in Courtroom 742 at 219 South Dearborn Street, Chicago, Illinois, or before any other judge sitting in her place and stead, and present the following **Trustee's Motion To Convert Case to a Chapter 7 Case**, at which time and place you may appear if you so desire.

| | |
|---|---|
| Dated: May 25, 2017 | RONALD R. PETERSON, not individually but as the chapter 11 trustee for the bankruptcy estate of Mack Industries, Ltd., |
| | By:  /s/ *Ronald R. Peterson* |
| | Ronald R. Peterson |

Ronald R. Peterson (2188473)
Angela M. Allen (6295519)
Nicholas E. Ballen (6320258)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
TEL:  312-222-9350
FAX:  312-527-0484

*Proposed Counsel for the Chapter 11 Trustee*

## CERTIFICATE OF SERVICE

I, Ronald R. Peterson, an attorney, hereby certify that on May 25, 2017, I caused a copy of the foregoing **Notice of Motion** and the following **Trustee's Motion To Convert Case to a Chapter 7 Case** to be served upon each of the parties listed on the attached Service List by the Court's CM/ECF system or First Class U.S. Mail, as indicated.

        /s/ *Ronald R. Peterson*
        Ronald R. Peterson

**SERVICE LIST**

**By ECF Notification:**

- Patrick S. Layng, U.S. Trustee - USTPRegion11.ES.ECF@usdoj.gov
- Stephen G. Wofle - steve.g.wolfe@usdoj.gov
- David P. Lloyd - courtdocs@davidlloydlaw.com
- Eric G. Zelazny - Eric@lwslaw.com
- Bruce C. Dopke - bdopke@stahlcowen.com
- Mark W. Bina - mark.bina@quarles.com
- Jeffrey M. Monberg - Jeffrey.monberg@quarles.com
- Thanhan Nguyen - an.nguyen@quarles.com
- Kurt M. Carlson - kcarlson@carlsondash.com
- Jean Soh - jsoh@polsinelli.com
- Jerry L. Switzer - jswitzer@polsinelli.com
- John R. Potts - ryan@brotschulpotts.com
- Randall S. Borek - rborek@brotschulpotts.com
- Lauren Newman - lnewman@thompsoncoburn.com
- Konstantine T. Sparagis - gsparagi@yahoo.com
- Scott E. Jensen - sjensen@mjwchicago.com

**By First Class Mail:**

Mack Industries, Ltd.
c/o James K. McClelland
6820 Centennial Drive
Tinley Park, IL  60477-1797

ABC Supply Co.
c/o Keith Rozolla
One ABC Parkway
Beloit, WI 53511

Accident Insurance Co.
c/o Michael Hunter
One Harbison Way
Columbia, SC 29212

Alt Luck, Inc.
c/o Kyle Altenburg
10139 Minnick Avenue
Oak Lawn, IL  60453-3838

Amari & Locallo
c/o Leonard F. Amari
734 N. Wells Street
Chicago, IL  60654-3521

American Express
c/o Kenneth I. Chenault
200 Vesey Street
New York, New York 10285

Benchmark Management Group, Inc.
c/o Edward S. Margolis
Teller, Levit & Silvertrust, P.C.
19 S. LaSalle St., Suite 701
Chicago, IL  60603

City Electric Supply Co.
c/o Jim Vanwlayer Glass
1519 St. Paul Ave.
Gurnee IL  60031

Engineered Tax Services, Inc.
c/o Dawn M. Alba
303 Evernia Street, Suite 300
West Palm Beach, FL  33401

The Home Depot
c/o Craig A. Menear
2455 Paces Ferry Road NW
Atlanta, GA 30339

Lowe's Home Improvement
c/o Robert Niblock
1000 Lowe's Boulevard
Mooresville, NC 28117

Mack Services, LLC
c/o James K. McClelland
6820 Centennial Drive
Tinely Park, IL 60477

Ann McClelland
15225 Willow Creek Lane
North Aurora, IL  60542

James H. McClelland
111 Ruffled Feathers
Lemont, IL  60439-7755

James K. McClelland
15225 Willow Creek Lane
North Aurora, IL  60542

Menard, Inc.
c/o John R. Menard, Jr.
5101 Menard Drive
Eau Claire, WI 54703-9604

Protection One
c/o Timothy J. Whall
1035 North Third Street, Suite 101
Lawrence, KA 66044

Reveliotis Law, P.C.
c/o George Nicholas Reveliotis
1030 Higgins Road, Suite 101
Park Ridge, IL 60068

Republic Services, Inc.
c/o Don Slager
18500 N. Allied Way
Phoenix, AZ 85054

Sears, Roebuck and Co., d/b/a Sears
Commercial Sales
c/o Matthew Joly; Sears Holdings Mgmt. Corp
3333 Beverly Road, B6-313A
Hoffman Estates, IL  60179-0001

The SMB Help Desk, Inc.
c/o Lisa M. Roccanova
Daley Mohan Groble, PC
55 W. Monroe Street, Suite 1600
Chicago, IL  60546

StanCorp Mortgage Investors, LLC
c/o CT Corporation System
208 S. LaSalle Street, Suite 814
Chicago, IL  60604

StanCorp Financial Group, Inc.
c/o J. Greg Ness
1100 SW 6th Ave.
Portland OR  97204

Wells Fargo Financial Leasing
c/o Timothy Reese
800 Walnut Street
Des Moines, IA 50309

2

**By Certified Mail:**

| | |
|---|---|
| Amalgamated Bank of Chicago<br>c/o Bruce C. Dopke<br>Stahl Cowen Crowley Addis LLC<br>55 W. Monroe Street, 12th Floor<br>Chicago, IL 60603 | Bank of America, N.A.<br>c/o Brian T. Moynihan<br>100 North Tryon Street<br>Charlotte, NC 28255-0001 |
| Capital One, N.A.<br>c/o Richard Fairbank<br>1680 Capital One Dr.<br>McLean, VA 22102 | Chemical Bank<br>c/o Kurt M. Carlson<br>Carlson Dash LLC<br>216 S. Jefferson Street, Suite 504<br>Chicago, IL 60661 |
| First Bank of Highland Park<br>c/o Randy L. Green<br>1835 First Street<br>Highland Park, IL 60035 | First Community Financial Bank<br>c/o John R. Potts<br>Brotschul Potts LLC<br>30 N. LaSalle Street, Suite 1402<br>Chicago, IL 60602 |
| Internal Revenue Service<br>c/o Joel R. Levin<br>United States Attorney's Office<br>Northern District of Illinois, Eastern Division<br>219 S. Dearborn Street, 5th Floor<br>Chicago, IL 60604 | Internal Revenue Service<br>c/o Jeff Sessions<br>Office of the Attorney General<br>United States Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001 |
| Internal Revenue Service<br>230 S. Dearborn Street<br>Mail Stop 5000 CHI<br>Room 3022<br>Chicago, IL 60604 | D. Patrick Mullarkey<br>Tax Division (DOJ)<br>P.O. Box 55<br>Ben Franklin Station<br>Washington, DC 20044 |
| JPMorgan Chase Bank, N.A.<br>c/o Todd A. Combs<br>1111 Polaris Pkwy.<br>Columbus, OH 43240 | Marquette Bank<br>c/o George S. Moncada<br>6316 South Western Avenue<br>Chicago, IL 60636 |

4

MB Financial Bank, N.A.
c/o Scott E. Jensen
Murray, Jensen & Wilson, Ltd.
101 North Wacker, Suite 101
Chicago, IL 60606

Midland States Bank
c/o Leon J. Holschbach
1201 Network Centre Drive
Effingham, IL 62401

Old Second National Bank
c/o Lauren Newman
Thompson Coburn LLP
55 E. Monroe, 37th Floor
Chicago, IL 60603

Republic Bank of Chicago
c/o Thomas Bugielski
2221 Camden Court
Oak Brook, IL 60523

Wells Fargo, N.A.
c/o Timothy J. Sloan
101 N. Phillips Avenue
Sioux Falls, SD 57104

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MACK INDUSTRIES, LTD., | ) | Case No. 17-09308 |
| | ) | |
| Debtor. | ) | Hon. Carol A. Doyle |
| | ) | |
| | ) | Hearing: June 1, 2017 at 10:00 a.m. |

**TRUSTEE'S MOTION TO CONVERT CASE TO A CHAPTER 7 CASE**

Ronald R. Peterson, not individually, but as the chapter 11 trustee (the "Trustee") for the bankruptcy estate of Mack Industries, Ltd. (the "Debtor"), respectfully requests that the Court enter an Order pursuant to 11 U.S.C. § 1112(b)(1) converting the above-captioned chapter 11 case to one under chapter 7 (this "Motion"), and states:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) in which the Court may constitutionally enter a final order. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This Motion is made pursuant to §§ 1106(a)(5) and 1112(b)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code" or the "Code") and Rule 1017(f)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**BACKGROUND**

3. On March 24, 2017 (the "Petition Date"), the Debtor filed a case under chapter 11 of the Bankruptcy Code (this "case").

4. On April 20, 2017, American Residential Leasing Company, LLC ("American") moved for the appointment of a case Trustee (the "American Motion"). (Dkt. 21.) The allegations in the American Motion detail a long history of potentially fraudulent or otherwise dishonest

prepetition conduct by the Debtor, its principals, James K. McClelland ("McClelland Sr.") and James H. McClelland ("McClelland Jr." and collectively with McClelland Sr., the "McClellands"), and a number of entities affiliated with the Debtor and also owned or controlled by the McClellands. (*See generally* Dkt. 21 at 3-9).

5. In particular, the American Motion raised the prospect of numerous avoidance actions against insiders, affiliated entities, or both. (*See, e.g.*, *id.* at 3, ¶ 11 (describing transfers to affiliated entities of over $6 million in 2014 and $2 million in 2013); *id.* at 3-5, ¶¶ 12-18 (discussing late 2016 payments of at least $100,000 to McClelland Sr.'s wife); *id.* at 5-6, ¶ 19 (alleging transfers of at least $100,000 to McClelland Sr. in 2016 and possibly 2017); *id.* at 6, ¶ 20 (describing additional transfers in 2016 to McClelland Sr.'s wife and McClelland Jr.).)

6. The American Motion also raised a variety of apparent omissions and inaccuracies in the Petition, Schedules, and Statement of Financial Affairs. (*See, e.g.*, *id.* at 8, ¶ 27 (noting the absence of any substantive information regarding potential preferences and insider preferences in the Debtor's Statement of Financial Affairs); *id.* at 8, ¶ 28 (contrasting the negative response on the Debtor's Statement of Financial Affairs to question whether the Debtor had given any value to insiders within a year of the Petition Date to the reality of many such transfers as shown by the results of American's discovery in its state court action); *id.* at 9, ¶ 33 (noting the absence of any executory contracts in Schedule G); *see also id.* at 8-9, ¶¶ 29-30 (similar).)

7. Finally, the American Motion sets forth a course of pre-bankruptcy litigation conduct that further calls into question the completeness and accuracy of the Debtor's schedules as well as the potential occurrence of additional or further dissipation of property of estate. (*See id.* at 3, ¶¶ 8-10 (contrasting representations by the Debtor's counsel in American's state court action that the Debtor did not make transfers to insiders with the contrary reality revealed by

documents later discovered by American in its state court action); *id.* at 7, ¶ 25 (discussing the use of the bankruptcy filing to prevent a hearing in American's state court action regarding, inter alia, an injunction to prevent further dissipation of assets to insiders).)

8.     Additionally, on April 13, 2017, Colony American Finance Lender, LLC ("Colony") brought a breach of contract action in the Northern District of Illinois against McClelland Sr., in which Colony sought to enforce McClelland Sr.'s guaranty of loan made to an affiliated entity, Mack LOC I, LLC, and secured by the stock of another affiliated entity, Mack LOC III, LLC. (*See* Case No. 17-cv-02806, Dkt. 1.)  The Complaint in Colony's action (the "Colony Complaint") alleges that McClelland Sr., or the McClellands or affiliated entities, pocketed nearly $20 million in loan proceeds for his or their benefit or that of other insiders or affiliated entities. (*See id.* at 5, ¶ 16 & 6, ¶ 20 (alleging amount due and owing of over $19 million); *id.* at 6, ¶ 22 (alleging failure to apply loaned funds to purposes agreed to under the terms of the loan); *id.* at 7-16 (alleging various breach of loans, including routine improper requests for advances); *id.* at 17-18 (alleging improper removal from sites of property paid out of loan proceeds and required to be used for purposes of the transaction with Colony); *id.* at 19-20 (alleging failures to make payments of rents required by the loan terms).)

9.     The Colony Complaint raises questions regarding, inter alia, the prospect of further dissipation of potential estate assets and transparency issues, as with the American Motion. (*See, e.g.*, *id.* at 6, ¶ 21 (alleging lack of cooperation from affiliated entities); *id.* at 18, ¶¶ 58-60 (alleging dissipation of property in an apparent attempt to hinder or delay creditors); *id.* at 20, ¶¶ 59-61 (alleging affirmative efforts to collect rents early in an apparent attempt to hinder or delay creditors).)

3

10. On May 4, 2017, the Court granted the American Motion. (Dkt. 41.) Thereafter, the U.S. Trustee duly appointed Ronald R. Peterson as the chapter 11 trustee in this case, subject to approval of the Court. On May 5, 2017, the U.S. Trustee moved for the approval of its appointment of Ronald R. Peterson as the chapter 11 trustee in this case. (Dkt. 46.)

11. On May 10, 2017, the U.S. Trustee filed the corresponding affidavit of disinterestedness of Ronald R. Peterson pursuant to Bankruptcy Rule 2007.1. (Dkt. 49.) On May 11, 2017, the Court issued an Order Approving the Appointment of Ronald R. Peterson as the Chapter 11 Trustee. (Dkt. 51.)

**RELIEF REQUESTED**

12. By this Motion, the Trustee, pursuant to § 1112(b) of the Bankruptcy Code, seeks the conversion of this case for cause to one under chapter 7 of the Bankruptcy Code.

13. Section 1112(b) authorizes the Court to convert a Chapter 11 case for "cause." 11 U.S.C. § 1112(b)(1). "Subsection (b) of section 1112 enumerates ten examples of events or conduct that constitute cause. However, this list is not exhaustive, and the court is free to consider other factors as they arise and to use its equitable powers to reach an appropriate result in individual cases." *All Denominational New Church v. Pelofsky (In re All Denominational New Church)*, 268 B.R. 536, 538 (B.A.P. 8th Cir. 2001) (internal citations omitted).

14. Section 1112(b) provides for cause where there is "continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4)(A). In addition, the courts have held that cause pursuant to § 1112(b) exists in instances of self-dealing, insider transactions, or breaches of fiduciary duty, as in *In re New Millennium Mgmt., LLC*, 2014 WL 2465938, at *3 (Bankr. S.D. Tex. June 2, 2014) and *In re Running*, 1990 WL 304246, at *6 (N.D. Ill. Oct. 30, 1990), and bad faith, including failures to file accurate schedules or monthly

4

operating reports, as in *New Millennium*, 2014 WL 2465938, at *3; *In re Del Monico*, 2005 WL 1129774, at *4 (Bankr. N.D. Ill. May 13, 2005); *All Denominational*, 268 B.R. at 538; and *In re Citi-Toledo Partners*, 170 B.R. 602, 607 (Bankr. N.D. Ohio 1994).

15.     *First*, the Trustee's investigation to date leads him to believe that the estate will diminish in value unnecessarily if this case remains in chapter 11 because the case should proceed as a liquidation, not a rehabilitation of the Debtor's business. Chapter 7, in which no plan or disclosure statement needs to be prepared and confirmed, would be a far more efficient way to effect a liquidation. *See, e.g.*, *In re Lyons Transp. Lines, Inc.*, 123 B.R. 526, 534 (Bankr. W.D. Pa. 1991). Moreover, the Court only need find "*some* diminution" in value postpetition to find cause to convert. *See Citi-Toledo*, 170 B.R. at 606 (emphasis added) (internal quotation marks and citation omitted). The usual measure of diminution in value is a debtor's profitability postpetition. *See, e.g.*, *Del Monico*, 2005 WL 1129774, at *3.

16.     *Second*, there is no reasonable likelihood of rehabilitation in this case. It is well established that this standard "is not the technical one of whether the debtor can confirm a plan, but, rather, whether the debtor's business prospects justify continuance of the reorganization effort." *In re LG Motors, Inc.*, 422 B.R. 110, 116 (Bankr. N.D. Ill. 2009) (internal quotation marks and citation omitted). Specifically, "rehabilitation" means "to put back in good condition; reestablish on a firm, sound bases." *Citi-Toledo*, 170 B.R. at 607 (internal quotation marks and citations omitted). Given the Trustee's initial investigation, coupled with the allegations raised in both the American Motion and the Colony Complaint, the Trustee believes that he could not put forward a confirmable plan of reorganization in this case, let alone "put [the Debtor's business] back in good condition." *Id.*

5

17. *Third*, the allegations set forth in the American Motion and the Colony Complaint of self-dealing and potentially fraudulent conduct constitute bad faith, fiduciary breach, or both. Either suffices as cause to convert this case. *See New Millennium*, 2014 WL 2465938, at *3; *Del Monico*, 2005 WL 1129774, at *4; *Citi-Toledo*, 170 B.R. at 607; *Running*, 1990 WL 304246, at *6.

18. Based on above, and on the Trustee's ongoing investigation into the facts and circumstances of this case, the Trustee believes that cause exists to convert this case to a case under chapter 7, and that conversion to a chapter 7 case would be in the best interest of the estate, creditors, and other parties of interest in this case.

19. In addition, the Trustee requests that while the Debtor should be subject to the requirements of Rule 1019(5)(A) post-conversion, the Court exercise its discretion under this Rule to excuse the Trustee from this requirement given his short time as appointed chapter 11 Trustee. For the same reason, the Trustee requests that the Court determine the deadline for him and his professionals to request payment of administrative expenses pursuant to Rule 1019(6) after the appointment of the chapter 7 Trustee.

### NOTICE

20. The Trustee has given seven days' notice of this Motion to the United States Trustee, the Debtor, the creditors, and other parties of interest. In light of all the facts and circumstances of this case, the Trustee submits that cause exists to shorten the notice of this Motion to that given pursuant to Bankruptcy Rule 9006(c).

WHEREFORE, the Trustee respectfully requests that the Court enter an Order converting this case to one under chapter 7 of the Bankruptcy Code, and granting such other or further relief as the Court deems just.

Dated: May 25, 2017								RONALD R. PETERSON, not individually but as the chapter 11 trustee for the bankruptcy estate of Mack Industries, Ltd.,

By: _____/s/ *Ronald R. Peterson*_____
Ronald R. Peterson

Ronald R. Peterson (2188473)
Angela M. Allen (6295519)
Nicholas E. Ballen (6320258)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
TEL:   312-222-9350
FAX:   312-527-0484

*Proposed Counsel for the Chapter 11 Trustee*

7