UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.: 17-09308 |
| | ) | (Jointly Administered) |
| MACK INDUSTRIES, LTD., et al., | ) | Chapter: 7 |
| | ) | Honorable Carol Doyle |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

**ORDER ESTABLISHING UNIFORM BAR DATES FOR THE FILLING OF PROOFS OF CLAIMS AND PROOFS OF INTERESTS AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

THIS MATTER COMING TO BE HEARD upon the Trustee's Motion for Uniform Claims Bar Date (the "Motion"),

IT IS HEREBY ORDERED THAT:

1. The time for the filing of proofs of claim and proofs of interest, except for inter-debtor claims, by all persons, entities, individuals, creditors, customers, vendors, partnerships, corporations, LLCs, associations, trusts, estates, governmental units and all other persons or entities ("Persons") that hold or assert any claim (as defined in § 101(5) of the Bankruptcy Code) against or interest in the Debtors arising before or deemed to have arisen before the petition date(s) for the Debtor(s) to which the claim or interest relates shall be by or before December 31, 2017 (the "General and Governmental Unit Bar Date") in the following cases: In re Mack Industries, Ltd., no. 17-09308; In re Mack Industries II, LLC, no. 17-16859; In re Oak Park Avenue Realty, Ltd., no. 17-16651; In re Mack Industries III, LLC, no. 17-17106; and In re Mack Industries IV, LLC, no. 17-17109.

2. The Debtors shall have until March 31, 2018 (the "Inter-Debtor Bar Date" and collectively with the General and Government Unit Bar Date, the "Uniform Bar Dates") to file proofs of claims or proofs of interest for claims against or interests in one or more of the other Debtors arising before or deemed to have arisen before the petition date(s) for the Debtor(s) to which the claim or interest relates.

3. Any Person who fails to file a proof of claim or proof or interest for a claim against or interest in the Debtors arising before or deemed to have arisen before the petition date(s) for the Debtor(s) to which the claim or interest relates shall be forever barred, estopped and enjoined, absent further order of the Court, from: (a) asserting the claim against or interest in the Debtors; and (b) sharing in any distribution from the Debtors' estates.

4. Notwithstanding the foregoing, the following Persons may but need not file proofs of claim or proofs of interest before the Uniform Bar Dates:

A. any Person that has already properly filed a proof of claim against or proof of interest in the Debtors;

B. any Person that has had a claim against or interest in the Debtors previously allowed by an order of the Court; or

    C. any Person asserting a claim allowable under §§ 503(b) and 507(a)(1) of Bankruptcy Code as an administrative expense of these cases.

  5. Nothing in this Order shall preclude the Trustee from objecting to any claim or interest, whether scheduled or filed, on any ground.

  6. All proofs of claim or proofs of interest must be filed with the Bankruptcy Court by submitting a proof of claim or proof of interest which indicates on its face the Debtor to which the claim or interest relates on or before the Uniform Bar Dates through the Court's electronic proof of claim procedures or via U.S. mail at the following address:

> United States Bankruptcy Court for the Northern District of Illinois
> Everett McKinley Dirksen United States Courthouse
> Clerk of the Bankruptcy Court, Room 713
> 219 South Dearborn Street
> Chicago, Illinois 60604

  7. The Notice of Uniform Bar Dates in the form attached to the Motion as Exhibit A is approved.

  8. The Trustee shall, within twenty-one calendar days of the entry of this Order, mail a copy of the Notice of Uniform Bar Dates substantially in the form of Exhibit A to the Motion to: (a) the United States Trustee for the Northern District of Illinois; (b) all creditors listed on the Schedules and Statements at the addresses given therein; (c) all equity security holders listed on the Schedules and Statements at the addresses given therein; (d) all entities that have requested notice in these cases; and (e) all persons or entities whose names and addresses are known to the Trustee and who may hold prepetition claims or interests of any kind against or in the Debtors' estates.

  9. The Publication Notice in the form attached to the Motion as Exhibit B is approved.

  10. The Trustee shall cause to be published in the Wall Street Journal by or before September 1, 2017 a copy of the Publication Notice substantially in the form of Exhibit B to the Motion.

  11. The Trustee is authorized but not directed to spend up to $30,000.00 to provide the Publication Notice in accordance with this Order.

  12. The notices described in this Order shall be and are hereby found to be adequate to comport with the requirements of due process, Bankruptcy Rule 2002 and all other provisions of the Bankruptcy Code, the Bankruptcy Rules and the United States Constitution.

  13. This Order is without prejudice to the right or privilege of any creditor or other party in interest to seek a specific extension of the time to file claims as otherwise provided in the Federal Rules of Bankruptcy Procedure or other applicable law.

    Enter: *[signature: Carol Doyle]*

    Honorable Carol A. Doyle
Dated: July 27, 2017    United States Bankruptcy Judge

**Prepared by:**

Ronald R. Peterson (2188473)
Angela M. Allen (6295519)
Nicholas E. Ballen (6320258)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
TEL: 312-222-9350
FAX: 312-527-0484

Counsel for the Chapter 7 Trustee