# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 7 ) |
| MACK INDUSTRIES, LTD., *et al.*, | ) Case No. 17-09308 ) (Jointly Administered) |
| Debtors. | ) ) Hon. Carol A. Doyle ) ) **Hearing: August 16, 2017, at 10:00 a.m.** ) |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on **August 16, 2017**, at **10:00 a.m.**, the undersigned shall appear before the Honorable Carol A. Doyle, United States Bankruptcy Judge, in the courtroom usually occupied by her, United States Courthouse, 219 South Dearborn Street, courtroom 742, Chicago, Illinois, and then and there present *Goldstein & McClintock LLLP's Motion for Entry of an Order Allowing Administrative Expense Claim,* a copy of which is attached hereto and herewith upon you.

Dated: August 2, 2017

                                                                 **VARIOUS CREDITORS OF OAK PARK AVENUE REALTY, LTD.**

                                                                  By:   /s/ Brian J. Jackiw
                                                                          One of its Attorneys

                                                                    GOLDSTEIN & MCCLINTOCK LLLP
                                                                    Brian J. Jackiw, Esq.
                                                                    111 W. Washington, Suite 1221
                                                                    Chicago, Illinois 60602
                                                                    Telephone: (312) 337-7700
                                                                    Facsimile: (312) 277-2305
                                                                    email: brianj@goldmclaw.com

*Attorneys for Creditors of Oak Park Avenue Realty, Ltd. as Petitioning, Joining, or Consenting Creditors to the Involuntary Bankruptcy Filing*

# CERTIFICATE OF SERVICE

I, Brian J. Jackiw, an attorney, do hereby certify that on August 2, 2017, I caused true and correct copies of the *Notice of Motion* and *Goldstein & McClintock LLLP's Motion for Entry of an Order Allowing Administrative Expense Claim,* to be served upon the parties listed below via CM/ECF, the Court's electronic filing system.

Dated: August 2, 2017  /s/ Brian J. Jackiw

**Parties Served Via CM/ECF**

Angela M Allen on behalf of Trustee Ronald R Peterson
aallen@jenner.com

Thomas V Askounis on behalf of Creditor PNC Equipment Finance, LLC, successor by assignment to ECN Financial, LLC, successor to Element Financial Corp.
taskounis@askounisdarcy.com, akapai@askounisdarcy.com

David Avraham on behalf of Creditor SpringView II-EG LLC
david.avraham@dlapiper.com, david-avraham-1888@ecf.pacerpro.com

David Avraham on behalf of Creditor SpringView II-HH LLC
david.avraham@dlapiper.com, david-avraham-1888@ecf.pacerpro.com

David Avraham on behalf of Creditor SpringView II-MB LLC
david.avraham@dlapiper.com, david-avraham-1888@ecf.pacerpro.com

David Avraham on behalf of Creditor SpringView III IL A LLC
david.avraham@dlapiper.com, david-avraham-1888@ecf.pacerpro.com

David Avraham on behalf of Creditor SpringView Investments II IL I LLC
david.avraham@dlapiper.com, david-avraham-1888@ecf.pacerpro.com

David Avraham on behalf of Creditor SpringView Investments II IL II LLC
david.avraham@dlapiper.com, david-avraham-1888@ecf.pacerpro.com

David Avraham on behalf of Creditor WB Real Estate Investment Management, LLC
david.avraham@dlapiper.com, david-avraham-1888@ecf.pacerpro.com

Nicholas E. Ballen on behalf of Trustee Ronald R Peterson
nballen@jenner.com, thooker@jenner.com

Mark W. Bina on behalf of Creditor American Residential Leasing Company, LLC
mark.bina@quarles.com

Randall S Borek on behalf of Creditor First Community Financial Bank
rborek@brotschulpotts.com

Jeffrey S. Burns on behalf of Creditor StanCorp Mortgage Investors, LLC
jsburns@hctplaw.com

Kurt M. Carlson on behalf of Creditor Chemical Bank f/k/a Talmer Bank and Trust
kcarlson@carlsondash.com, knoonan@carlsondash.com;bmurzanski@carlsondash.com

Jason J DeJonker on behalf of Creditor Pan American Bank & Trust
jason.dejonker@bryancave.com, carol.duracka@bryancave.com;chdocketing@bryancave.com

Thomas J. Dillon on behalf of Creditor First Bank Of Highland Park
t.dillon@mcdillaw.com

Bruce C. Dopke on behalf of Creditor Amalgamated Bank Of Chicago
bdopke@stahlcowen.com, bruce@dopkelaw.com

Michael M. Eidelman, ESQ on behalf of Creditor Tinley Park Associates, LLC
meidelman@vedderprice.com, ecfdocket@vedderprice.com

Brandon R Freud on behalf of Creditor Republic Bank of Chicago
brfreud@rwrlaw.com

Edward P. Freud on behalf of Creditor Republic Bank of Chicago
epfreud@rfbnlaw.com

Natalia Rzepka Griesbach on behalf of Creditor MIDLAND STATES BANK
ngriesbach@lowis-gellen.com, pmcmillan@lowis-gellen.com

Brian J Jackiw on behalf of Petitioning Creditor Blackhawk Bay Homes LLC
brianj@goldmclaw.com, seanw@restructuringshop.com;erich@goldmclaw.com

Brian J Jackiw on behalf of Petitioning Creditor Reifel Investments, LLC
brianj@goldmclaw.com, seanw@restructuringshop.com;erich@goldmclaw.com

Brian J Jackiw on behalf of Petitioning Creditor TJR International Chicago, LLC
brianj@goldmclaw.com, seanw@restructuringshop.com;erich@goldmclaw.com

Brian J Jackiw on behalf of Petitioning Creditor Ashok Bhojwani
brianj@goldmclaw.com, seanw@restructuringshop.com;erich@goldmclaw.com

Brian J Jackiw on behalf of Petitioning Creditor Ben Dunning
brianj@goldmclaw.com, seanw@restructuringshop.com;erich@goldmclaw.com

Brian J Jackiw on behalf of Petitioning Creditor Billy Desai
brianj@goldmclaw.com, seanw@restructuringshop.com;erich@goldmclaw.com

Brian J Jackiw on behalf of Petitioning Creditor Christopher Hull
brianj@goldmclaw.com, seanw@restructuringshop.com;erich@goldmclaw.com

Brian J Jackiw on behalf of Petitioning Creditor Dale F. Kalman
brianj@goldmclaw.com, seanw@restructuringshop.com;erich@goldmclaw.com

Brian J Jackiw on behalf of Petitioning Creditor Eugene Denton
brianj@goldmclaw.com, seanw@restructuringshop.com;erich@goldmclaw.com

Brian J Jackiw on behalf of Petitioning Creditor Hanna Jung
brianj@goldmclaw.com, seanw@restructuringshop.com;erich@goldmclaw.com

Brian J Jackiw on behalf of Petitioning Creditor Joe Hood
brianj@goldmclaw.com, seanw@restructuringshop.com;erich@goldmclaw.com

Brian J Jackiw on behalf of Petitioning Creditor Kunal Sarin
brianj@goldmclaw.com, seanw@restructuringshop.com;erich@goldmclaw.com

Brian J Jackiw on behalf of Petitioning Creditor Matt Austin
brianj@goldmclaw.com, seanw@restructuringshop.com;erich@goldmclaw.com

Brian J Jackiw on behalf of Petitioning Creditor Michelle Hawkins
brianj@goldmclaw.com, seanw@restructuringshop.com;erich@goldmclaw.com

Brian J Jackiw on behalf of Petitioning Creditor Pedro Arellano
brianj@goldmclaw.com, seanw@restructuringshop.com;erich@goldmclaw.com

Brian J Jackiw on behalf of Petitioning Creditor Phillip Comeau
brianj@goldmclaw.com, seanw@restructuringshop.com;erich@goldmclaw.com

Brian J Jackiw on behalf of Petitioning Creditor Sandra J. Hull
brianj@goldmclaw.com, seanw@restructuringshop.com;erich@goldmclaw.com

Brian J Jackiw on behalf of Petitioning Creditor Scott Duffy
brianj@goldmclaw.com, seanw@restructuringshop.com;erich@goldmclaw.com

Brian J Jackiw on behalf of Petitioning Creditor Shawn Severinsen
brianj@goldmclaw.com, seanw@restructuringshop.com;erich@goldmclaw.com

Brian J Jackiw on behalf of Petitioning Creditor Timothy Keely
brianj@goldmclaw.com, seanw@restructuringshop.com;erich@goldmclaw.com

Scott E Jensen on behalf of Creditor MB Financial Bank, NA, Successor in interest to American Chartered Bank
sjensen@mjwchicago.com

Jonathan R Koyn on behalf of Creditor First Secure Community Bank
jkoyn@hotmail.com

Jonathan R Koyn on behalf of Creditor FirstSecure Bank and Trust Co.
jkoyn@hotmail.com

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

David P Lloyd on behalf of Alleged Debtor Oak Park Avenue Realty, Ltd.
courtdocs@davidlloydlaw.com

David P Lloyd on behalf of Debtor 1 Mack Industries, LTD
courtdocs@davidlloydlaw.com

David P Lloyd on behalf of Debtor 1 Oak Park Avenue Realty, Ltd.
courtdocs@davidlloydlaw.com

Harold E. McKee on behalf of Creditor Old Republic Surety Company
hmckee@SRCattorneys.com

Jeffrey M Monberg on behalf of Creditor American Residential Leasing Company, LLC
jeffrey.monberg@quarles.com, jenny.fik@quarles.com

James E. Morgan on behalf of Creditor Metropolitan Capital Bank & Trust
jem@h2law.com, smckinney@howardandhoward.com

Justin Morgan on behalf of Creditor Pan American Bank & Trust
justin.morgan@bryancave.com

Lauren Newman on behalf of Creditor Old Second National Bank
lnewman@thompsoncoburn.com, jstolarz@thompsoncoburn.com;aversis@thompsoncoburn.com

Thanhan Nguyen on behalf of Creditor American Residential Leasing Company, LLC
an.nguyen@quarles.com

Ronald Peterson on behalf of Debtor 1 Mack Industries II,LLC
rpeterson@jenner.com, lraiford@jenner.com

Ronald Peterson on behalf of Debtor 1 Mack Industries III, LLC
rpeterson@jenner.com, lraiford@jenner.com

Ronald Peterson on behalf of Debtor 1 Mack Industries IV, LLC
rpeterson@jenner.com, lraiford@jenner.com

Ronald Peterson on behalf of Trustee Ronald R Peterson
rpeterson@jenner.com, lraiford@jenner.com

Ronald R Peterson
rpeterson@jenner.com, rpeterson@ecf.epiqsystems.com;docketing@jenner.com

Ronald R Peterson on behalf of Trustee Ronald R Peterson
rpeterson@jenner.com, rpeterson@ecf.epiqsystems.com;docketing@jenner.com

John R Potts on behalf of Creditor First Community Financial Bank
ryan@brotschulpotts.com, solesch@brotschulpotts.com

Donald H Segel on behalf of Creditor Peter Ager
dsegel@sandslegal.com, notices@nextchapterbk.com

Jennifer Simutis on behalf of Creditor Iroquois Federal Savings and Loan Assn.
jennifersimutis@earthlink.net

Jean Soh on behalf of Creditor Colony American Finance Lender, LLC
jsoh@polsinelli.com, chicagodocketing@polsinelli.com

Konstantine T. Sparagis on behalf of Creditor Andrew Salvatore
gsparagi@yahoo.com,
Gus@konstantinelaw.com;Morgan@konstantinelaw.com;Drew@konstantinelaw.com

Konstantine T. Sparagis on behalf of Creditor Stacey Atsaides
gsparagi@yahoo.com,
Gus@konstantinelaw.com;Morgan@konstantinelaw.com;Drew@konstantinelaw.com

Jerry L Switzer on behalf of Creditor Colony American Finance Lender, LLC
jswitzer@polsinelli.com, chicagodocketing@polsinelli.com

Stephen G Wolfe on behalf of U.S. Trustee Patrick S Layng
steve.g.wolfe@usdoj.gov, jennifer.r.toth@usdoj.gov

Charles R Woolley on behalf of Creditor PNC Equipment Finance, LLC, successor by assignment to ECN Financial, LLC, successor to Element Financial Corp.
rwoolley@askounisdarcy.com, rmoizuddin@askounisdarcy.com

Eric G Zelazny on behalf of Debtor 1 Mack Industries, LTD
Eric@lwslaw.com

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| MACK INDUSTRIES, LTD., *et al.*, | ) | Case No. 17-09308 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Hon. Carol A. Doyle |
| | ) | |
| | ) | **Hearing: August 16, 2017, at 10:00 a.m.** |

**GOLDSTEIN & MCCLINTOCK LLLP'S MOTION FOR ENTRY OF AN
ORDER ALLOWING ADMINISTRATIVE EXPENSE CLAIM**

Goldstein & McClintock LLLP ("*G&M*") on behalf of all creditors petitioning this Court for entry of an order for relief on the involuntary bankruptcy filing of Oak Park Avenue Realty, Ltd. ("*OPA*"), and the joining creditors, as well as various other creditors in support of the involuntary filing, hereby files this motion (the "*Motion*") for entry of an order (i) allowing G&M an administrative expense claim pursuant to section 503(b)(3)(A) of title 11 of the United States Code (the "*Bankruptcy Code*") in the amount of $35,611.32 (the "*Administrative Claim*") for commencing an involuntary case against OPA; or (b) in the alternative, allowing G&M an administrative expense claim pursuant to sections 503(b)(3)(D) and 503(b)(4) in the amount of $35,611.32 (the "*Substantial Contribution Claim*") for commencing an involuntary case against OPA on behalf of its creditors, for substantial contribution to the Debtor's case; and (iii) directing the Trustee to use estate assets to compensate G&M immediately upon entry of an order allowing G&M's Administrative Claim or Substantial Contribution Claim.  In support of this motion, G&M respectfully states as follows:

## PRELIMINARY STATEMENT

1. Ever since Mack Industries, Ltd. ("*Mack*") filed for bankruptcy, G&M began receiving calls from individuals or companies (the "*Creditors*") who had purchased investment homes from Mack and then placed them with OPA to manage. OPA would theoretically identify and secure renters, collect rent, maintain properties, pay taxes, and send funds on a monthly basis to its Creditors.

2. Unfortunately for these Creditors, most just trying to acquire assets for their families, OPA stopped paying rents, taxes, and further stopped maintaining the properties as required under its management contracts with the Creditors.

3. For months, including for time periods prior to Mack's petition date, OPA's creditors attempted to contact OPA about past-due rents, security deposits, unperformed work, and other issues. OPA mostly failed to speak with the Creditors or failed to pay funds as it was required.

4. Once Mack filed its bankruptcy petition, and creditors contacted G&M, rumors of OPA's asset dissipation began to abound. Assets, including management contracts began to disappear and creditors were left without points of contact or methods to resolve issues.

5. G&M, being retained by over thirty creditors, sought a consensual bankruptcy filing by OPA, which was rejected more than three times by OPA's counsel. Accordingly, it became necessary for the preservation of assets and the estate, to file an involuntary bankruptcy petition against OPA.

## JURISDICTION

6. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

7. Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

8. Mack filed a voluntary petition for relief under title 11 of the United States Code on March 24, 2017 (the "*Mack Petition Date*").

9. The court subsequently appointed a chapter 11 trustee, later named as Ron Peterson (the "*Trustee*") of Jenner & Block.

10. G&M filed an involuntary petition against OPA, an entity having common ownership with Mack, on May 31, 2017 (the "*OPA Petition Date*").

11. For weeks prior to the OPA Petition Date, G&M requested from both David Lloyd ("*Lloyd*") and Eric Zelazny ("*Zelazny*") (both Mack's bankruptcy counsel) that they voluntarily file a bankruptcy petition for OPA. Despite suggesting OPA was considering it, declined to do so.

12. G&M received countless phone calls, e-mails, text messages, and LinkedIn messages from creditors of OPA, seeking help. Most creditors owned between one and three homes and had not been paid several months' rent and further owed back taxes (because of OPA's failure to pay and likely improper filing of homestead exemptions). Moreover, OPA had pledged to perform rehab or maintenance work on some Creditors' houses which, was paid for by the Creditors and never performed. Additionally, OPA held security deposits and is presumed to have absconded with those funds. Other Creditors were forced to agree to a transfer of their management contracts in order to receive their security deposits.

13. After spending days upon days talking with creditors, many signed retention agreements up with G&M with specific directions to file an involuntary bankruptcy against

3

OPA. In the end, over thirty Creditors signed retention agreements with G&M. After filing the involuntary, G&M continued to receive calls from Creditors seeking to sign retention agreements. Given that involuntary had been filed already, G&M declined the representations.

14. Not all Creditors that signed retention agreements with G&M were represented in the involuntary filing as a petitioning or joining creditor. This is because after filing multiple joinders, G&M decided to cease spending money. G&M informed the UST's office that it had many more Creditors that had signed joinders and had consented to G&M filing the same. However the UST agreed that in order to keep costs down, G&M would hold those joinders in reserve and not file unless needed.

## RELIEF REQUESTED

15. Pursuant to section 503(b)(3(A) of the Bankruptcy Code, G&M asserts, on behalf of its creditor clients, an administrative expense claim against the Debtor and requests that this Court order the Debtor to make an immediate payment to G&M in the amount of $35,611.32.

16. Next, in the alternative, pursuant to sections 503(b)(3)(D) and 503(b)(4), G&M hereby asserts an administrative expense claim for Substantial Contribution, against the Debtor, and requests that this Court order the Debtor to make an immediate payment to G&M in the amount of $35,611.32.

## BASIS FOR RELIEF

**A. G&M Requests the Payment of an Administrative Expense Claim for Filing the Involuntary Petition Under Section 303 of the Bankruptcy Code on Behalf of Multiple Creditors**

17. 11 U.S.C. § 503(b)(3)(A) provides:

> (b) After notice and a hearing, there shall be allowed, administrative expenses . . . including –
>
> > (3) the actual, necessary expenses incurred by. . .

4

       (A)    A creditor that files a petition under section 303 of this title.

11 U.S.C. § 503(b)(3)(A).

18.    The Administrative Claim represents fees incurred by G&M on behalf of the Creditors for filing the involuntary. Statutorily, G&M is entitled to recoup these amounts as a claim under 11 U.S.C. § 503(b)(3)(A).

19.    In *In re Crazy Eddie, Inc.*, 120 B.R. 273, 278 (Bankr. S.D.N.Y. 1990), the court allowed reimbursement for costs and expenses incurred not only for the preparation and filing of the involuntary petition, but for work after the involuntary petition stating that "To the extent that the petition is contested by the alleged debtor, reimbursement of the petitioning creditors' expenses must also include legal services necessary to meet the challenge. *See In re Crazy Eddie, Inc.,* 120 B.R. 273, 278 (Bankr.S.D.N.Y.1990); *In re Hanson Industries,* 90 B.R. 405, 410 (Bankr.D.Minn.1988).

20.    Section 503(b)(3)(A) serves to allow petitioning creditors their expenses in order to encourage them to bring the debtor into court so that there may be equitable marshalling and distribution of its assets, before they are squandered by the debtor. *Hanson,* 90 B.R. 405, 410 (Bankr.Minn.1988) (*citing In re J.V. Knitting,* 22 B.R. 543, 545 (Bankr.S.D.Fla.1982)).

21.    G&M drafted a consent form for OPA and provided the same to Lloyd and Zelazny. Indeed, after each e-mail to Zelazny or Llloyd, G&M was assured that OPA was "about to consent."

22.    However, despite numerous phone calls and e-mails to both Lloyd and Zelazny requesting consent, it never occurred. Accordingly, G&M had to prepare for the hearing on the involuntary filing.

23. As noted, G&M, on behalf of its creditors, sought cooperation of the Debtor, such that it would file its own voluntary bankruptcy case. OPA never did.

24. OPA only consented once all relevant attorneys, including Mack's chapter 7 trustee, were in the courtroom for the involuntary hearing. OPA did not even have the courtesy to consent after it had missed the court-imposed deadline to respond to the involuntary filing, causing G&M to incur costs in preparing for the involuntary hearing.

**B. G&M Requests the Payment of an Administrative Expense Claim on behalf of OPA's Creditors for the Actual and Demonstrable Benefit to OPA's Estate**

25. Section 503(b)(3)(D) of the Bankruptcy Code permits a court to allow, as an administrative expense, the actual and necessary expenses incurred by a creditor who makes a substantial contribution to a chapter 11 case. *See* 11 U.S.C. § 503(b)(3)(D). In order to obtain administrative expense priority, a creditor "must show that it made an actual and demonstrable benefit to the debtor's estate." *In re Johnston*, No. 11-3242-RLM-11, 2013 WL 1337757, at *3 (Bankr. S.D. Ind. Mar. 29, 2013).

26. In this case, G&M requests payment from the estate on behalf of the various creditors involved in this case which signed engagement letters with G&M for the involuntary filing.

27. G&M contends that the filing significantly benefitted the estate.

28. First and foremost, the filing precipitated an order for relief, which then set the timeline for avoidance actions. It is G&M's and its creditor client's belief that the insiders of OPA absconded with funds and fraudulently transferred hundreds of management contracts for less than reasonably equivalent value.

29. In fact, the chapter 7 trustee ultimately appointed for OPA also discovered that the principals had absconded with all the Debtor's assets. As this court might imagine, the more

6

time that passes makes recovery of assets more difficult. By filing, OPA's principals have had less time to destroy evidence and hard-drives. In addition, the Debtor's principals have had less time to try and hide the assets which they have purportedly hidden and/or stolen.

30. As noted, OPA said multiple times it would file a voluntary petition – which it failed to do.

31. Then, OPA said multiple times that it would consent to the involuntary – which it failed to do.

32. Lastly, minutes after it consented at the involuntary hearing, OPA indicated that it would file a motion to convert to chapter 7. It did, but only several days after OPA had indicated it would file the motion. The, of course, OPA set the motion for hearing several days beyond what would be acceptable. One can imagine that these delay tactics had only one purpose - securing more time to abscond with assets.

33. Had G&M never filed the involuntary petition, the damage would likely be far more severe that it already is.

34. Section 503(b)(4) also allows for reimbursement of reasonable compensation for services rendered, and for reimbursement of actual and necessary expenses incurred, by an attorney or accountant of any such entity. *See* 11 U.S.C. § 503(b)(4); *Lebron v. Mechem Fin., Inc.*, 27 F.3d 937, 943 (3d Cir. 1994); *Cargill Fin. Serv. Corp.*, No. 94 C 6950, 1995 WL 461854, at *3 (Bankr. N.D. Ill. July 12, 1995). Section 503(b) "reconciles two conflicting objectives of encouraging participation in the reorganization process and preserving the value of the estate for creditors." *In re Worldwide Direct, Inc.*, 334 B.R. 112, 121 (Bankr. D. Del. 2005) (citation omitted); *see also In re Consolidated Banc Shares, Inc.*, 785 F.2d 1249, 1253 (5th Cir. 1986) (noting that "the policy aim of authorizing fee awards to creditors is to promote

meaningful creditor participation in the reorganization process") (citation omitted). While section 503(b) is to be narrowly construed, courts have "wide discretion to determine reasonable compensation for actual and necessary services." *In re Sentinel Mgmt. Grp., Inc.*, 404 B.R. 488, 498-99 (Bankr. N.D. Ill. 2009); *see also In re Glickman, Berkowitz, Levinson, & Weiner, P.C.*, 196 B.R. 291, 294 (Bankr. E.D. Pa. 1996); *In re Energy Partners, Ltd.*, 422 B.R. 68, 80 (Bankr. S.D. Tex. 2009*)*.

35. The phrase "substantial contribution" is not defined in the Bankruptcy Code; however, courts have adopted a two-pronged analysis for evaluating applications under Section 503(b). First, courts have determined that the "applicable test is whether the efforts of the applicant resulted in an actual and demonstrable benefit to the debtor's estate and the creditors." *Lebron*, 27 F.3d at 944 (quoting *In re Lister*, 846 F.2d 55, 57 (10th Cir. 1988)); *Cargill*, 1995 WL 461864, at *3 (stating that "courts consider whether the efforts of the applicant resulted in an actual and demonstrable benefit to the debtor's estate"). Stated otherwise, compensable services are those "which foster and enhance . . . the progress of reorganization." *See Lebron*, 27 F.3d at 944.

36. Second, the benefit must "be more than an incidental one arising from activities the applicant has pursued in protecting his or her own interests." *Lebron*, 27 F.3d at 944. Reimbursement is not permitted for activities of the creditors "which are designed primarily to serve their own interests and which, accordingly, would have been undertaken absent an expectation of reimbursement from the estate." *Id.*; *see also Cargill Fin. Servs. Corp. v. Envirodyne Indus., Inc.*, No. 94 C 6950, 1995 WL 461854, at *3 (N.D. Ill. July 12, 1995). However, the "existence of self-interest cannot in and of itself preclude reimbursement." *Lebron*, 27 F.3d at 944.

8

37. With respect to professionals, a creditor "who has engaged legal counsel, and as such provided legal services which have directly and materially contributed to a reorganization, and which were not rendered solely on behalf of that creditor's own interest, should be reimbursed for the cost of the legal services and related expenses incurred." *Glickman*, 196 B.R. at 298 (citing *In re U.S. Lines, Inc.*, 101 B.R. 427, 430 (Bankr. S.D.N.Y. 1989)); *see also In re Columbia Gas System, Inc.*, 224 B.R. 540, 548 (Bankr. D. Del. 1998); *In re Sentinel Mgmt. Grp., Inc.*, 404 B.R. 488, 494 (Bankr. N.D. Ill. 2009).

38. The action sought by the Creditors was solely to benefit all creditors. The involuntary filing accomplishes a benefit for the estate – that of preserving remaining assets and setting a date to file avoidance actions. Moreover, the later the date of relief, the fewer transfers that could be avoided under chapter 5 of the Bankruptcy Code.

39. These results benefit everyone involved in the case.

40. Attached as Exhibit A to this motion is G&M's final bill for services rendered and expenses incurred. This bill has actually been reduced by approximately $7,000.00 after removing time spent on phone call and e-mail responses associated with individuals that did not engage G&M. Moreover, G&M still continues to inform Creditors of bar dates, statuses on the OPA and Mack cases, and other relevant issues related to OPA for free.

## CONCLUSION

41. G&M and OPA's Creditors seek payment for fees and expenses related to filing the involuntary petition against OPA and preparing for a contested hearing pursuant to 11 U.S.C. § 503(b)(3)(B) or as an Substantial Contribution Claim administrative expense under 11 U.S.C. §§ 503(b)(3)(D) and 503(b)(4). G&M should be paid pursuant to the statute and case law for the necessary work performed on behalf of its clients and the benefit it brought to the estate. Accordingly, G&M requests immediate payment of the Administrative Claim or Substantial Contribution Claim.

## RESERVATION OF RIGHTS

42. G&M and its Creditors reserve the right to supplement this Motion to incorporate any expenses not included herein.

**WHEREFORE**, G&M and its Creditors respectfully request the entry of an order pursuant to sections 503(b)(3)(B), 503(b)(3)(D), and 503(b)(4) of the Bankruptcy Code: (a) allowing the Administrative Claim in the amount of $35,611.32 and instructing the Debtor to pay G&M immediately; or (b) allowing the Substantial Contribution Claim in the amount of $35,611.32 and directing the Debtor to pay G&M immediately; and (c) granting such other and further relief as the Court deems appropriate.

Dated: August 2, 2017

Respectfully submitted,
**VARIOUS CREDITORS OF OAK PARK AVENUE REALTY, LTD.**

By:   /s/ Brian J. Jackiw
      One of its Attorneys

GOLDSTEIN & MCCLINTOCK LLLP
Brian J. Jackiw, Esq.
111 W. Washington, Suite 1221
Chicago, Illinois 60602
Telephone: (312) 337-7700

Facsimile: (312) 277-2305
email: brianj@goldmclaw.com

*Attorneys for Creditors of Oak Park Avenue Realty, Ltd. as Petitioning, Joining, or Consenting Creditors to the Involuntary Bankruptcy Filing*

11