# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| MACK INDUSTRIES, LTD., *et al.*, | ) | Case No. 17-09308 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Hon. Carol A. Doyle |

## NOTICE OF FINAL FEE APPLICATION OF CENDROWSKI CORPORATE ADVISORS AS FORENSIC ACCOUNTANT FOR THE TRUSTEE FOR <u>PAYMENT OF COMPENSATION FOR SERVICES RENDERED</u>

TO: SEE ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that on **April 18, 2019, at 10:00 a.m**., or as soon thereafter as counsel may be heard, we shall appear before the Honorable Carol A. Doyle or any other judge sitting in her stead in Room 742 at the United States Bankruptcy Court for the Northern District of Illinois, located at 219 South Dearborn Street, Chicago, Illinois, and present the attached **Final Fee Application Of Cendrowski Corporate Advisors As Forensic Accountant For The Trustee For Payment Of Compensation For Services Rendered**. You may appear at that time and place if you see fit.

| | |
|---|---|
| Respectfully submitted, | RONALD R. PETERSON, not individually but as Chapter 7 Trustee for the above-captioned debtors |
| | By: _____*/s/Ronald R. Peterson*_____ |
| | Ronald R. Peterson |

Ronald R. Peterson (02188473)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL  60654
Telephone:  (312) 840-7812
Facsimile:  (312) 840-7895

Dated:  March 15, 2019

## **CERTIFICATE OF SERVICE**

      I, Ronald R. Peterson certify that, on March 15, 2019, I caused a copy of the foregoing **Notice of Application** and **Final Fee Application Of Cendrowski Corporate Advisors As Forensic Accountant For The Trustee For Payment Of Compensation For Services Rendered** to be served upon the attached Service List by the Court's ECF filing system.

                                                     */s/ Ronald R. Peterson*
                                                        Ronald R. Peterson

**SERVICE LIST**

**By ECF Notification:**

- Matthew C Abad    bknotice@klueverplatt.com
- Angela M Allen    aallen@jenner.com
- Thomas V Askounis    taskounis@askounisdarcy.com, akapai@askounisdarcy.com
- David Avraham    david.avraham@dlapiper.com, tara.nair@dlapiper.com
- Mark W. Bina    mark.bina@quarles.com
- Randall S Borek    rborek@brotschulpotts.com
- Jeffrey S. Burns    jeff@markleinlaw.com
- Kristopher A Capadona    kac@capadonalaw.com
- Kurt M. Carlson    kcarlson@carlsondash.com, knoonan@carlsondash.com;bmurzanski@carlsondash.com
- Shelly A. DeRousse    sderousse@freeborn.com, bkdocketing@freeborn.com;jhazdra@ecf.inforuptcy.com
- John V Delgaudio    lawyerjohnd@icloud.com, lawyerjvd@gmail.com
- Bruce C. Dopke    bdopke@stahlcowen.com, bruce@dopkelaw.com
- David R Doyle    ddoyle@foxrothschild.com, kjanecki@foxrothschild.com
- Thomas W Drexler    td@drexlaw.com, drexler321@aol.com
- Michael M. Eidelman    meidelman@vedderprice.com, ecfdocket@vedderprice.com;michael-eidelman-9405@ecf.pacerpro.com;7610@ecf.pacerpro.com
- Robert M Fishman    rfishman@foxrothschild.com, kjanecki@foxrothschild.com
- Brandon R Freud    brfreud@rwrlaw.com
- Edward P. Freud    epfreud@rfbnlaw.com
- Jeffrey L. Gansberg    jgansberg@muchshelist.com, nsulak@muchshelist.com
- Frances Gecker    fgecker@fgllp.com, csmith@fgllp.com
- Natalia Rzepka Griesbach    ngriesbach@lowis-gellen.com, abockman@lowis-gellen.com;dwoolf@lowis-gellen.com
- William S Hackney    whackney@salawus.com, jadams@salawus.com,mcockream@salawus.com,dkreide@salawus.com
- Brian J Jackiw    brianj@goldmclaw.com
- Scott E Jensen    sjensen@mjwchicago.com
- Patrick Joy    pjoy@spklaw.com
- Jeremy C Kleinman    jkleinman@fgllp.com, mmatlock@fgllp.com;csmith@fgllp.com;csucic@fgllp.com
- Jonathan R Koyn    jkoyn@hotmail.com
- Micah R Krohn    mkrohn@fgllp.com, csmith@fgllp.com;mmatlock@fgllp.com;csucic@fgllp.com
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
- David P Lloyd    courtdocs@davidlloydlaw.com
- Harold E. McKee    hmckee@SRCattorneys.com
- Jeffrey M Monberg    jeffrey.monberg@quarles.com, jenny.fik@quarles.com
- James E. Morgan    jem@h2law.com, smckinney@howardandhoward.com

- Scott B Mueller    scott.mueller@stinson.com, diane.hoeken@stinson.com
- Lauren Newman    lnewman@thompsoncoburn.com, chicagodocketing@thompsoncoburn.com;aversis@thompsoncoburn.com;bray@thompsoncoburn.com;cvasquez@thompsoncoburn.com
- Thanhan Nguyen    an.nguyen@kirkland.com
- Ronald Peterson    rpeterson@jenner.com, lraiford@jenner.com,PJacobs@jenner.com
- Ronald R Peterson    rpeterson@jenner.com, rpeterson@ecf.axosfs.com;docketing@jenner.com
- John R Potts    ryan@brotschulpotts.com, solesch@brotschulpotts.com
- Landon S Raiford    lraiford@jenner.com, mmatlock@jenner.com;JSteffen@jenner.com
- Joel A Schechter    joelschechter@covad.net, joelschechter1953@gmail.com
- Donald H Segel    dsegel@sandslegal.com, notices@nextchapterbk.com
- Brian L Shaw    bshaw@foxrothschild.com, cknez@foxrothschild.com
- Jennifer Simutis    jennifersimutis@earthlink.net
- Jean Soh    jsoh@polsinelli.com, chicagodocketing@polsinelli.com
- Konstantine T. Sparagis    gsparagi@yahoo.com, Gus@konstantinelaw.com;Morgan@konstantinelaw.com;Drew@konstantinelaw.com
- Hannah Margaret Stowe    hstowe@vedderprice.com, bchizewski@vedderprice.com;ecfdocket@vedderprice.com;barb-chizewski-1792@ecf.pacerpro.com
- Jerry L Switzer    jswitzer@polsinelli.com, chicagodocketing@polsinelli.com
- Martin D. Tasch    mtasch@momkus.com, cbednarski@momkus.com
- William A. Williams    wwilliams@jenner.com
- Stephen G Wolfe    steve.g.wolfe@usdoj.gov, jennifer.r.toth@usdoj.gov
- Charles R Woolley    rwoolley@askounisdarcy.com, okappers@askounisdarcy.com
- Eric G Zelazny    Eric@lwslaw.com, zelaznyer79970@notify.bestcase.com

2

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| MACK INDUSTRIES, LTD., *et al.*, | ) Case No. 17-09308 |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Hon. Carol A. Doyle |
| | ) |
| | ) Date: April 18, 2019 |
| | ) Time: 10:00 a.m. |

**FINAL FEE APPLICATION OF CENDROWSKI CORPORATE ADVISORS**
**AS FORENSIC ACCOUNTANT FOR THE TRUSTEE FOR PAYMENT**
**OF COMPENSATION FOR SERVICES RENDERED**

Cendrowski Corporate Advisors ("Cendrowski"), forensic accountant to Ronald R. Peterson, the chapter 7 trustee (the "Trustee") for the estates of Mack Industries, Ltd. and its affiliated debtors (collectively, the "Debtors"), hereby submits, pursuant to 11 U.S.C. §§ 327, 330, and 331 (11 U.S.C. §§ 101-1532, the "Bankruptcy Code") and the *Order Granting Application to Retain Forensic Accountant* [Dkt. 107], this final fee application (the "Application") for (i) approval and allowance of compensation in the amount of $35,000.00 and reimbursement of expenses in the amount of $997.24 for reasonable and necessary forensic accounting services rendered to the Trustee for the period from June 1, 2017 through August 22, 2017; and (ii) approval and allowance of compensation in the amount of $22,700 and reimbursement of expenses in the amount of $68.48 for services rendered to the Trustee for the period from May 17, 2017 through May 31, 2017. In further support of this Application, Cendrowski respectfully states as follows:

# INTRODUCTION

1. This Court has jurisdiction over the Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (B). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 328, 330 and 331 of the Bankruptcy Code, as supplemented by Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules").

# BACKGROUND

**A.   Filing of These Bankruptcy Cases.**

3. On March 24, 2017, Mack Industries, Ltd. ("Mack I"), filed a case under chapter 11 of the Bankruptcy Code. Mack I's case is jointly administered with the bankruptcy cases of the remaining Debtors. (*See* Dkt. 132.)

4. On April 20, 2017, American Residential Leasing Company, LLC moved for the appointment of a chapter 11 trustee. (Dkt. 21.) On May 4, 2017, the Court granted American's motion, and on May 11, 2017, the Court approved the appointment of Ronald R. Peterson as the chapter 11 trustee. (Dkts. 41, 51.)

5. On May 25, 2017, the Trustee moved to convert these cases from chapter 11 to chapter 7. (Dkt. 70.) On June 1, 2017, the Court granted the Trustee's motion and converted these cases from chapter 11 to chapter 7. (Dkt. 92.)

6. Once these cases converted to chapter 7, the U.S. Trustee re-appointed Ronald R. Peterson as the Trustee. (Dkt. 84.)

**B.     Retention of Theresa Mack & Cendrowski Corporate Advisors.**

7.     On May 18, 2017, while these cases were still pending under chapter 11, the Trustee filed an application to retain Theresa Mack and Cendrowski Corporate Advisors as forensic accountants (Dkt. 57.) On June 1, 2017, this Court approved the Trustee's retention of the forensic accountants pre-conversion. (Dkt. 85.)

8.     After these cases converted to chapter 7, the Trustee again sought authority to retain Theresa Mack and Cendrowski Corporate Advisors as forensic accountants. (Dkt. 95.) On June 21, 2017, this Court approved the Trustee's retention of the forensic accountants in these chapter 7 cases, retroactive to June 1, 2017. (Dkt. 107.)

9.     Cendrowski offers financial advisory and investigatory services to financially distressed and troubled companies. Cendrowski employs highly qualified professionals with extensive knowledge and experience in the bankruptcy field. In particular, Theresa Mack, who was the primary Cendrowski professional who worked on this engagement, is a certified public accountant, has certified financial forensic credentials, is a certified anti-money laundering specialist, and is a licensed private investigator in Illinois, Indiana, and Michigan. Prior to her employment at Cendrowski, she worked as an FBI special agent for 22 years, specializing in investigations of money laundering and fraud schemes. Accordingly, Cendrowski and its professionals were well-qualified to assist the Trustee in the administration of the Debtors' estates.

10.    The Trustee needed a forensic accountant to help investigate the Debtors' financial affairs and estate assets, especially in light of the byzantine organizational structure of the Debtors' enterprise and the Debtors' opaque business and financial dealings. Specifically, Cendrowski assisted the Trustee by:

3

      a. analyzing the acts, conduct, assets, liabilities, and financial conditions of the Debtors;
      b. investigating the Debtors' transactions with third parties, affiliates, and insiders;
      c. advising the Trustee regarding potential sources of recovery for the Debtors' estates;
      d. advising the Trustee in his management of the Debtors' business;
      e. providing financial advice with respect to the property of the Debtors' estates;
      f. helping liquidate assets of the Debtors' estates; and,
      g. offering other financial and accounting services, as requested by the Trustee.

11. Theresa Mack resigned on August 1, 2017 and Cendrowski immediately notified the Trustee. Cendrowski was asked to perform additional work until August 22, 2017, when the Trustee notified Cendrowski that he was engaging a different advisor.

12. Thereafter, the Trustee applied to employ Huron Consulting Services LLC as financial consultant and advisor, which the Court approved on September 6, 2017. (Dkts. 223, 232.)

**PROFESSIONAL COMPENSATION
AND REIMBURSEMENT FOR EXPENSES REQUESTED**

13. Cendrowski submits this Application seeking final approval and allowance of compensation and reimbursement of expenses incurred in connection with these cases. Cendrowski has supplied separate invoices for the services it provided while these cases were pending under chapter 11, for the period between May 17, 2017 and May 31, 2017 (the "Chapter 11 Compensation Period"), and the services it provided while these cases were pending under chapter 7, for the period between June 1, 2017 and August 22, 2017 (the "Chapter 7 Compensation Period").

14. During the Chapter 7 Compensation Period, Cendrowksi rendered services to the Trustee having a lodestar value of $57,467.00. Cendrowski also incurred expenses of $997.24 arising from mileage and transportation to the Debtors' offices, as well as witness and electronic data hosting fees. An invoice itemizing these amounts is attached hereto as Exhibit A.

4

15. By agreement between Cendrowski and the Trustee, Cendrowski only seeks allowance of fees in the amount of $35,000 for services rendered during the Chapter 7 Compensation Period. The Trustee and Cendrowski settled on $35,000 as the reasonable value of the services Cendrowski provided during the Chapter 7 Compensation Period.

16. During the Chapter 7 Compensation Period, the following professionals rendered services to the Debtors' estates:

| Name | Title | Hourly Rate | Hours | Fees Billed |
|---|---|---|---|---|
| Theresa Mack | Manager | $340.00 | 75.2 | $25,568.00 |
| James P. Martin | Director | $410.00 | 14.7 | $6,027.00 |
| Michael Maloziec | Accountant | $240.00 | 90.3 | $21,672.00 |
| Andrew Rosa | Intern | $75.00 | 56.0 | $4,200.00 |
| **Total** | | | **236.2** | **$57,467.00** |
| **Total Compensation Requested** | | | | **$35,000.00** |

17. Allowance of compensation in the amount requested would result in a blended hourly billing rate for professionals of approximately $148.18. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national financial services market and in fact are well below such compensation. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

18. During the Chapter 11 Compensation Period, Cendrowksi rendered services to the Trustee having a lodestar value of $22,700.00. Cendrowski also incurred expenses of $68.48 arising from mileage and transportation to the Debtors' offices, as well as witness and electronic data hosting fees. An invoice itemizing these amounts is attached hereto as Exhibit B.

19. Cendrowski seeks allowance of fees in the amount of $22,700.00 and expenses in the amount of $68.48 for services rendered during the Chapter 11 Compensation Period as a Chapter 11 administrative expense under §503(b) of the Bankruptcy Code. Cendrowski acknowledges that it will not receive payment on account of fees and expenses earned during the Chapter 11 Compensation Period until similarly situated creditors are paid under §726 of the Bankruptcy Code.

20. During the Chapter 11 Compensation Period, the following professionals rendered services to the Debtors' estates:

| Name | Title | Hourly Rate | Hours | Fees Billed |
|---|---|---|---|---|
| Theresa Mack | Manager | $340.00 | 51.0 | $17,340.00 |
| Michael Maloziec | Accountant | $240.00 | 33.5 | $5,360.00 |
| **Total Compensation Requested** | | | **84.5** | **$22,700.00** |

21. Allowance of compensation in the amount requested would result in a blended hourly billing rate for professionals of approximately $268.83. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national financial services market. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

22. The fees charged by Cendrowski in this case were billed in accordance with its existing billing rates and procedures in effect during the Chapter 7 Compensation Period and the Chapter 11 Compensation Period. The rates Cendrowski charged for the services rendered by its professionals in these cases were the rates charged by the firm for professional services rendered in comparable non-bankruptcy related matters for work of this nature. Such fees are reasonable

6

based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national financial services market.

23. All of the services for which final compensation is sought were rendered to the Trustee solely in connection with this case, in furtherance of the duties and functions of the Trustee, and not on behalf of any individual creditor or other person.

24. Cendrowski has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in this case.

25. Cendrowski has not shared, or agreed to share, (a) any compensation it has received or may receive with another party or person, other than with professionals of the firm, or (b) any compensation another person or party has received or may receive. No promises have been received by Cendrowski or any member thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

26. The attached invoices identify all Cendrowski professionals who have performed services in these cases during the Chapter 7 Compensation Period and the Chapter 11 Compensation Period, the hourly billing rate charged for services performed by such individual, and the aggregate number of hours expended in this matter and fees billed therefor.

27. Cendrowski maintains computerized records of the time spent by all professionals in connection with the provision of services to the Trustee. Copies of these computerized records are reflected in the attached invoices.

**SUMMARY OF SERVICES PROVIDED AND EXPENSES INCURRED**

28. During the Chapter 7 Compensation Period, Cendrowski expended 236.2 hours, having a lodestar value of $57,467.00, relating to the following categories of services:

7

| Category | Hours | Fees Billed |
|---|---|---|
| Bank Account Analysis | 150.5 | $31,031.00 |
| Communication with Trustee | 21.9 | $7,100.00 |
| Interviews of Witnesses | 16.3 | $4,702.00 |
| Researching Employees and Witnesses | 45.3 | $13,732.00 |
| Information Technology | 2.2 | $902.00 |
| **Total** | **236.2** | **$57,467.00** |
| **Total Compensation Requested** | | **$35,000.00** |

29.  As stated above, Cendrowski is only requesting compensation in the amount of $35,000.00 for these services. Narrative descriptions of each category of services are set forth below.

30.  During the Chapter 11 Compensation Period, Cendrowski expended 80.2 hours, having a lodestar value of $22,700.00, relating to the following categories of services:

| Category | Hours | Fees Billed |
|---|---|---|
| Bank Account Analysis | 24.1 | $6,844.00 |
| Communication with Trustee | 4.3 | $1,102.00 |
| Interviews of Witnesses | 34.8 | $8,952.00 |
| Researching Employees and Witnesses | 21.3 | $5,802.00 |
| **Total** | **84.5** | **$22,700.00** |

*Bank Account Analysis*

31.  During the Chapter 7 Compensation Period, Cendrowski rendered services relating to analyzing the Debtors' bank accounts, including *inter alia*: reviewing monthly bank statements for numerous accounts held by numerous Debtors at numerous banks; analyzing transfers and withdrawals between accounts; and summarizing noteworthy transfers to and from the Debtors' accounts. Cendrowski professionals billed a total of 150.5 hours to this category, having a lodestar value of $31,031.00.

8

| Bank Account Analysis | | | | |
|---|---|---|---|---|
| Name | Title | Hourly Rate | Hours | Fees Billed |
| Theresa Mack | Manager | $340.00 | 30.8 | $10,472.00 |
| James P. Martin | Director | $410.00 | 6.3 | $2,583.00 |
| Michael Maloziec | Accountant | $240.00 | 57.4 | $13,776.00 |
| Andrew Rosa | Intern | $75.00 | 56.0 | $4,200.00 |
| **Total** | | | **150.5** | **$31,031.00** |

32.   During the Chapter 11 Compensation Period, Cendrowski rendered services relating to analyzing the Debtors' bank accounts, including *inter alia*: reviewing monthly bank statements for numerous accounts held by numerous Debtors at numerous banks; analyzing transfers and withdrawals between accounts; and summarizing noteworthy transfers to and from the Debtors' accounts. Cendrowski professionals billed a total of 24.1 hours to this category, having a lodestar value of $6,844.00.

| Bank Account Analysis | | | | |
|---|---|---|---|---|
| Name | Title | Hourly Rate | Hours | Fees Billed |
| Theresa Mack | Manager | $340.00 | 16,6 | $5,644,00 |
| Michael Maloziec | Accountant | $160.00 | 7.5 | $1,200.00 |
| **Total** | | | **24.1** | **$6,844..00** |

*Communication with Trustee*

33.   During the Chapter 7 Compensation Period, Cendrowski rendered services relating to telephone, email, and in-person communications and meetings with the Trustee and his counsel. Cendrowski professionals billed a total of 21.9 hours to this category, having a lodestar value of $7,100.00.

| Communication with Trustee | | | | |
|---|---|---|---|---|
| Name | Title | Hourly Rate | Hours | Fees Billed |
| Theresa Mack | Manager | $340.00 | 7.9 | $2,686.00 |
| James P. Martin | Director | $410.00 | 6.2 | $2,542.00 |
| Michael Maloziec | Accountant | $240.00 | 7.8 | $1,872.00 |
| **Total** | | | **21.9** | **$7,100.00** |

34.   During the Chapter 11 Compensation Period, Cendrowski rendered services relating to telephone, email, and in-person communications and meetings with the Trustee and his

counsel. Cendrowski professionals billed a total of 4.3 hours to this category, having a lodestar value of $1,102.00.

| Communication with Trustee | | | | |
|---|---|---|---|---|
| **Name** | **Title** | **Hourly Rate** | **Hours** | **Fees Billed** |
| Theresa Mack | Manager | $340.00 | 2.3 | $782.00 |
| Michael Maloziec | Accountant | $160.00 | 2.0 | $320.00 |
| **Total** | | | **4.3** | **$1,102.00** |

*Interviews with Witnesses*

35. During the Chapter 7 Compensation Period, Cendrowski rendered services relating to preparing for, attending, and summarizing witness interviews. Cendrowski professionals billed a total of 16.3 hours to this category, having a lodestar value of $4,702.00.

| Interviews with Witnesses | | | | |
|---|---|---|---|---|
| **Name** | **Title** | **Hourly Rate** | **Hours** | **Fees Billed** |
| Theresa Mack | Manager | $340.00 | 7.9 | $2,686.00 |
| Michael Maloziec | Accountant | $240.00 | 8.4 | $2,016.00 |
| **Total** | | | **16.3** | **$4,702.00** |

36. During the Chapter 11 Compensation Period, Cendrowski rendered services relating to preparing for, attending, and summarizing witness interviews. Cendrowski professionals billed a total of 34.8 hours to this category, having a lodestar value of $8,952.00.

| Interviews with Witnesses | | | | |
|---|---|---|---|---|
| **Name** | **Title** | **Hourly Rate** | **Hours** | **Fees Billed** |
| Theresa Mack | Manager | $340.00 | 18.8 | $6,392.00 |
| Michael Maloziec | Accountant | $160.00 | 16.0 | $2,560.00 |
| **Total** | | | **34.8** | **$8,952.00** |

*Research Employees and Witnesses*

37. During the Chapter 7 Compensation Period, Cendrowski rendered services relating to researching employees and witnesses, including *inter alia*: conducting searches for potential witnesses, reviewing documents relating to employees and potential witnesses, reviewing documents relating to the Debtors' real property holdings, and assisting the Trustee's counsel with

10

various other factual research. Cendrowski professionals billed a total of 45.3 hours to this category, having a lodestar value of $13,732.00.

| Research Employees and Witnesses | | | | |
|---|---|---|---|---|
| **Name** | **Title** | **Hourly Rate** | **Hours** | **Fees Billed** |
| Theresa Mack | Manager | $340.00 | 28.6 | $9,724.00 |
| Michael Maloziec | Accountant | $240.00 | 16.7 | $4,008.00 |
| **Total** | | | **45.3** | **$13,732.00** |

38.     During the Chapter 11 Compensation Period, Cendrowski rendered services relating to researching employees and witnesses, including *inter alia*: conducting searches for potential witnesses, reviewing documents relating to employees and potential witnesses, reviewing documents relating to the Debtors' real property holdings, and assisting the Trustee's counsel with various other factual research. Cendrowski professionals billed a total of 21.3 hours to this category, having a lodestar value of $5,802.00.

| Interviews with Witnesses | | | | |
|---|---|---|---|---|
| **Name** | **Title** | **Hourly Rate** | **Hours** | **Fees Billed** |
| Theresa Mack | Manager | $340.00 | 13.3 | $4,522.00 |
| Michael Maloziec | Accountant | $160.00 | 8.0 | $1,280.00 |
| **Total** | | | **21.3** | **$5,802.00** |

*Information Technology*

39.     During the Chapter 7 Compensation Period, Cendrowski rendered services relating to setting up the information technology infrastructure for the Trustee's investigation. Cendrowski professionals billed a total of 2.2 hours to this category, having a lodestar value of $902.00.

| Information Technology | | | | |
|---|---|---|---|---|
| **Name** | **Title** | **Hourly Rate** | **Hours** | **Fees Billed** |
| James P. Martin | Director | $410.00 | 2.2 | $902.00 |
| **Total** | | | **2.2** | **$902.00** |

*Expenses*

40.     Cendrowski incurred $997.24 in expenses during the Chapter 7 Compensation Period.  A summary of such expenses is attached hereto as Exhibit C.

41. Cendrowski incurred $68.48 in expenses during the Chapter 11 Compensation Period. A summary of such expenses is attached hereto as <u>Exhibit D</u>.

## **THE REQUESTED COMPENSATION SHOULD BE ALLOWED**

42. The foregoing professional services rendered during the Chapter 7 Compensation Period were necessary and appropriate to assist the Trustee with the administration of these chapter 7 cases and the previous chapter 11 cases. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved. Cendrowski has taken significant efforts to ensure that its professional services were performed with expedience in an efficient manner without duplication of effort.

43. In preparing this Application, Cendrowski calculated the amount of time spent by its accountants and other professionals in performing actual and necessary forensic accounting services for the Trustee. That data came directly from computer printouts that are kept on each Cendrowski client. Time entries are kept on daily logs or on computer hard drives. These entries are in turn reported to the firm's main frame computer, which produced the time records for this Application. Cendrowski professionals have reviewed the computer printouts for errors.

44. Section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors, including
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;

  (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

  (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

  (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* § 330(a)(3).

45. Cendrowski respectfully submits that the services for which it seeks compensation in this Application were necessary for and beneficial to the Trustee's efforts in administrating the Debtors' estates, and necessary to and in the best interests of the Debtors' estates.

46. The services rendered by Cendrowski were necessary and beneficial to the Debtors' estates, and were performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. Accordingly, approval of the final compensation sought herein for the Chapter 7 Compensation Period and Chapter 11 Compensation Period is warranted.

WHEREFORE, Cendrowski respectfully requests entry of an order, substantially in the form attached hereto as Exhibit E: (i) allowing Cendrowski compensation for professional services rendered during the Chapter 7 Compensation Period in the amount of $35,000.00 in fees and $997.24 in expenses; (ii) authorizing the Trustee to pay Cendrowski $35,997.24 for the professional services rendered during the Chapter 7 Compensation Period; and (iii) allowing Cendrowski compensation for professional services rendered during the Chapter 11 Compensation Period in the amount of $22,700.00 in fees and $68.48 in expenses.

Dated:  March 15, 2019    Respectfully submitted,

/s/ James P. Martin
James P. Martin
Managing Director
Cendrowski Corporate Advisors
180 N. LaSalle Street
Suite 2620
Chicago, IL 60601