## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Mack Industries, Ltd., et al., | ) | |
| | ) | No. 17 B 09308 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| Ronald R. Peterson, as chapter 7 trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19 A 00202 |
| | ) | |
| Iryna Chakanava and Stanislav Taynitskiy, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | Judge Carol A. Doyle |

### Memorandum Opinion

Ronald Peterson filed an adversary complaint as trustee of two debtors, Mack Industries, Ltd. ("Mack") and Oak Park Avenue Realty, Inc. ("Oak Park"), against Iryna Chakanava and Stanislav Taynitskiy.  The trustee sought to avoid approximately $76,000 in transfers made by the debtors to them as fraudulent transfers and preferences.  After he filed an amended complaint alleging completely new transfers, the defendants moved to dismiss based on the statute of limitations.  The motion will be denied.

1

1.    Background

The trustee filed his original complaint in March 2019.  It sought to avoid $11,120 in transfers during a four month period in 2017 as preferential.  The trustee attached an exhibit to the complaint that identified four transfers between January 31, 2017 and May 31, 2017 (roughly the 90-day preference period for the debtors)[1] totaling $11,120, stating only the date and amount of the transfer.  He also alleged two claims to avoid $76,000 in transfers as constructively fraudulent and two claims to avoid the same amount in transfers as actually fraudulent under 11 U.S.C. § 548 and its counterpart under Illinois law.  Neither the complaint nor the exhibit gave any information about the specific transfers the trustee sought to avoid in the fraudulent transfer claims.

The defendants moved to dismiss the complaint.  After the court granted a motion to dismiss a similar adversary complaint in *Peterson v. McClean (In re Mack Industries, Ltd.)*, No. 19-ap-00433, 2019 Bankr. LEXIS 3603 (Bankr. N.D. Ill.  Nov. 20, 2019), the trustee consented to dismissal of the complaint in this case.  He was granted leave to amend and filed an amended complaint in April 2020.  The amended complaint dropped Oak Park as a debtor on whose behalf the trustee sued, dropped the preference claim, consolidated the fraudulent transfer claims into two counts, eliminated the four transfers listed in the original Exhibit 1, and replaced them with 35 completely new transfers made between October 31, 2013 and January 31, 2017 totaling approximately $107,000.

The defendants moved to dismiss the amended complaint, arguing that the claims based

---

[1]The 90 day preference period under 11 U.S.C. § 547 begins on the petition date, which was March 24, 2017 for Mack and May 31, 2017 for Oak Park.

on the new transactions are barred by the statute of limitations.  They argue that the original

complaint identified only four transfers totaling $11,000 but the amended complaint identifies 35

new transfers totaling $107,000.  They contend that the new transfers are barred by the statute of

limitations because the trustee did not seek to avoid them before the two-year limitations period

in 11 U.S.C. § 546(a) expired in March 2019.  The trustee responds that a statute of limitations

defense cannot be resolved on a motion to dismiss and that the amended complaint relates back

to the original complaint so it is not barred by the statute of limitations.  The defendants failed to

file a reply.

1.    <u>Standard on Motion to Dismiss</u>

On a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal

Rules of Civil Procedure (applicable here through Rule 7012 of the Federal Rules of Bankruptcy

Procedure), a plaintiff's factual allegations are accepted as true and the court draws reasonable

inferences from them in the plaintiff's favor.  *Taylor v. JPMorgan Chase Bank, N.A.*, 958 F.3d

556, 562 (7th Cir. 2020).  The court must determine whether the plaintiff states a claim for relief

that is plausible on its face.  *Id*. (citing  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct.

1955 (2007)).  "[A] limitations defense is not often resolved on a Rule 12(b)(6) motion because a

complaint need not anticipate and overcome affirmative defenses, such as the statute of

limitations.  But dismissal at this early stage is appropriate when the complaint alleges facts

sufficient to establish that the suit is indeed tardy."  *Amin Ijbara Equity Corporation v. Village of

Oak Lawn*, 860 F.3d 489, 492 (7th Cir. 2017); *Cancer Found., Inc. v. Cerberus Capital Mgmt.,

LP*, 559 F.3d 671, 674-75 (7th Cir. 2009).  When a defense based on a statute of limitations can

be determined from the allegations in the complaint, issues regarding relation back can be

decided on a motion to dismiss.  *Peterson v. Urquhart (In re Mack Industries, Ltd.)*, No. 19-ap-

00254, at *13-18 (Bankr. N.D. Ill. January 19, 2021).

2.    <u>Relation Back</u>

Rule 15(c) of the Federal Rules of Civil Procedure, which applies to adversary

proceedings through Rule 7015 of the Federal Rules of Bankruptcy Procedure, governs when an

amended complaint relates back to the time of filing of a previous complaint.  Rule 15(c)(1)(B)

provides that a pleading relates back to the date of the original pleading when "the amendment

asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out - or

attempted to be set out - in the original pleading."  Fed. R. Civ. P. 15(c)(1)(B).

As many courts have recognized, the most important factor in determining whether a

pleading relates back is "whether the original complaint provided the defendant with sufficient

notice of what must be defended against in the amended pleading."  *Brandt v. Gerardo (In re

Gerardo Leasing, Inc.)*, 173 B.R. 379, 388 (Bankr. N.D. Ill. 1994).  "Generally, an amended

complaint will relate back if it merely adds a new legal ground for relief, changes the date and

location of the transaction alleged, . . . spells out the details of the transaction originally alleged,

. . [or] merely increas[es] the *ad damnum* clause . . . ." *Global Link Liquidating Trust v. Avantel,

S.A. (In re Global Link Telecom Corp.*), 327 B.R. 711, 716 (Bankr. D. Del. 2005) (quoting *Coan

v. O&G Indus., Inc. (In re Austin Driveway Servs., Inc.*), 179 B.R. 390, 395 (Bankr. D. Conn.

1995)).  "None of those amendments affects the quality of the notice given by the general fact

situation alleged in the original pleading . . . .  However, when the amended pleading does not

rely upon the facts and transactions originally pled or plead them more specifically, but rather is based on new facts and different transactions, the proposed amendment will not relate back to the original pleading." *Id*. *See also Gerardo Leasing*, 173 B.R. at 389 ("If . . . an amendment states a new claim based on a materially different set of facts than the original claim, the amendment does not relate back."). One test of the sufficiency of the factual nexus between the original and the proposed allegations is whether the evidence with respect to the amendment could have been introduced under the original complaint. *Austin Driveway*, 179 B.R. at 395; *Gerardo Leasing*, 173 B.R. at 388. "Courts need take care that a party not be allowed to use the relation back doctrine solely to 'bootstrap' time-barred claims onto viable actions where the claims are not based on the same factual allegations." *Gerardo Leasing*, 173 B.R. at 388.

The case law applying these general notions regarding relation back in the context of transactions added in an amended complaint for fraudulent transfer and preferential transfer is complex and not always consistent. The observation made in 1986 by the court in *Pereira v. Hong Kong & Shanghai Banking Corp. (In re Kam Kuo Seafood Corp.)*, 67 B.R. 304, 308 (Bankr. S.D.N.Y. 1986), remains true today: there is no *per se* rule one way or the other regarding whether transactions added in an amended complaint for preferential or fraudulent transfer relate back to the original complaint.

Rule 15(c)(1)(B) requires that the new pleading arise from the "transaction," "conduct," or "occurrence" alleged in the original pleading. As many courts have held, each transfer in avoidance litigation is treated as a separate transaction for purposes of proof and applying the law of relation back. *See, e.g., Burtch v. Opus, L.L.C (In re Opus East, L.L.C)*, No. 11-ap-52423, 2013 WL 4478914 (Bankr. D. Del. Aug. 6, 2013); *Buchwald Capital Advisors, LLC v. JP*

*Morgan Chase Bnk, N.A., et al (In re M. Fabrikant & Sons, Inc.)*, 447 B.R. 170, 182 (Bankr.

S.D.N.Y 2011); *Gerardo* Leasing, 173 B.R. at 389; *Metzeler v. Bouchard Transp. Co. (In re*

*Uni-Petrol Geselleschaft fuer Mineraloelprodukte m.b.H.*), 66 B.R. 977, 983-84 (Bankr.

S.D.N.Y. 1986).  This is consistent with the requirement under Rules 8(a) and 9(b) that a

plaintiff specify the details of each transfer when alleging a claim for fraudulent or preferential

transfer.  *See McClean*, 2019 Bankr. LEXIS 3603, at *7, 10, 16.  Thus, newly alleged transfers

do not fall within the same "transaction" for purposes of Rule 15(c)(1)(B).  As the *Metzeler* court

noted, "[s]imilar conduct with respect to a separate transaction is not expressly included" within

Rule 15(c)(1)(B).  66 B.R. at 984.   New transactions also do not fall within an "occurrence,"

which generally refers to a specific event like an accident.  *See, e.g., Meredith v. United Air*

*Lines*, 41 F.R.D. 34, 38 (S.D. Cal. 1966) (an accident in which a passenger was injured was an

"occurrence").   To relate back, newly alleged transfers must fall within "conduct" originally

alleged to satisfy Rule 15(c).  Courts have struggled to determine when newly alleged transfers

fall within the "conduct" originally alleged in the context of fraudulent transfer and preference

complaint.

Many courts have held that newly alleged transactions do not relate back to the original

pleading.  The *Metzeler* court concluded that four newly alleged transfers did not relate back to

the original fraudulent transfer complaint when the new transactions were significantly earlier

than those alleged in the original complaint and they arose from conduct different than that

alleged in the original complaint.  66 B.R. at 984.  Similarly, in *Fabrikant*, a transaction

specified for the first time in an amended complaint did not relate back to the original complaint,

which contained only a general reference to payments to the defendants.  *Fabrikant*, 447 B.R. at

182.  The court in *Opus East* found that new transactions did not satisfy Rule 15(c)(1)(B) when the original complaint did not contain allegations about the loans in question or their subsequent repayment. *Opus East*, 2013 WL 4478914 at *4.   Likewise, in *Golden v. The Guardian (In re Lenox Healthcare, Inc.)*, 343 B.R. 96, 106 (Bankr. D. Del. 2006), the court held that new transactions alleged in an amended complaint to avoid preferential and fraudulent transfers did not relate back merely because they arose from the same agreement.  The amended complaint "challenged new transfers; it did not simply set forth new legal grounds or facts on which to avoid and recover the original transfers." *Id*.  *See also Rouge Steel Ind., Inc. v. Omnisource Corp. - Fort Wayne Brok (In re Rouge Indus., Inc.)*, No. 05-ap-52242, 2006 WL 148946, *3-4 (Bankr. D. Del. Jan. 19, 2009) (holding that newly alleged preferential transfers do not relate back when the original complaint did not allege specific facts about systematic payments but instead parroted the statute); *Peltz v. CTC Direct, Inc. (In re MBC Greenhouse, Co)*, 307 B.R. 787, 792-93 (Bankr D. Del. 2004) (concluding that new transfers did not relate back when they were not part of a scheme of payments alleged in the original complaint); *New Bedford Capacitor, Inc. v. Sexton Can Co. (In re New Bedford Capacitor, Inc..)*, 301 B.R. 375, 380 (Bankr. D. Mass. 2003) (concluding that not all payments during the preference period were part of the same conduct and the new transaction alleged did not relate back); *Austin Driveway*, 179 B.R. at 393;  *Kam Kuo*, 67 B.R. at 308 (new transfers did not arise from the same conduct alleged in original complaint).

Other courts, however, have concluded that newly alleged transfers related back or could potentially relate back to the original pleading.  For example, in *Pry v. Maxim Global, Inc. (In re Maxim Truck Co.)*, 415 B.R. 346, 354 (Bankr. S.D. Ind. 2009), the court concluded that newly

7

alleged transactions related back when the original complaint alleged that the trustee sought to

avoid any transfer within the year preceding the bankruptcy that "include, but are not limited to"

those listed in an exhibit to the complaint.  The court in *Sikirica v. US Foods, Inc. (In re*

*Damon's Int'l., Inc.)*, 500 B.R. 729, 736 (Bankr. W.D. Pa. 2013) reached a similar result,

concluding that transactions related back because the original complaint stated that the trustee

sought to avoid all transfers made during the preference period, including additional transfers the

trustee may learn about during discovery.  In *Gerardo Leasing*, the court noted that

"considerable difficulty arises when courts are confronted with an original complaint which

pleads a transaction or series of transactions and amendments which seek only to add

transactions to those already pleaded."  173 B.R. at 379.  It refused to dismiss based on a statute

of limitations defense when it was possible that the plaintiff could prove at trial that the new

transactions arose from the "common scheme" or pattern of transactions alleged in the original

complaint.  173 B.R. at 390-91.  *See also Fiber-Lite Corp. v. Molded Acoustical Products, Inc.*

*(In re Molded Acoustical Products, Inc.*), 150 B.R. 608, 613  (E.D. Pa. 1993) (claim based on

new post-petition transactions related back when plaintiff could not deny that they were factually

related to the transfers alleged in the original complaint).

   A number of courts have tried to reconcile the varying decisions.  The *Austin Driveway*

court explained that the determining factor across many decisions is whether the original

complaint alleges an "underlying scheme or course of conduct which is the basis of the original

action and links otherwise distinct transactions."  179 B.R. at 397.  It noted that relation back in

preference actions is the exception rather than the rule, in contrast to fraudulent transfer actions

where it is more likely that a common scheme to defraud was alleged in the original complaint

8

that would permit relation back of transactions alleged later. *Id*.  The court adopted a stricter test

for preference actions.  *Id*. at 399.  It concluded that a newly alleged transaction involving an

indirect payment to the creditor from a third party not identified in the original complaint did not

arise out of the conduct alleged for the transfers in the original complaint so it did not relate

back.  *Id*.

The court in *MBC Greenhouse* analyzed a similar set of cases and determined, like *Austin

Driveway*, that the key to applying the relation back test is whether the original complaint

alleged sufficient facts regarding a system or "scheme" of payments to provide notice that the

newly alleged transactions could be subject to recovery.  307 B.R. at 792-93.  It found almost no

"commonality" between the transactions in the two complaints - the original complaint sought to

avoid six transactions totaling $2.8 million while the amended complaint identified 39

transactions totaling $7.9 million with only one transfer common to both complaints.  The court

concluded that the new transactions did not relate back because the original complaint did not

give the defendant notice that they could potentially be recovered.

Both the *Austin Driveway* and *MBC Greenhouse* courts recognized that if the complaint

had alleged facts regarding a common scheme into which the newly alleged transfers fit, the

result might be different.  These courts attempted to balance "the interests of the defendants

protected by the statute of limitations with the preference expressed in the Federal Rules of Civil

Procedure in general, and Rule 15 in particular, for resolving disputes on the merits."  *Krupski v.

Costa Crociere S.p.A.*, 560 U.S. 538, 550 (2010).  But there is no bright line test or easy rule of

thumb; the allegations in each case must be carefully examined to determine whether Rule 15(c)

permits relation back.

9

3.     Amended Complaint

Here, the original complaint alleged that four transfers totaling $11,120 specified in

Exhibit 1 to the complaint were preferential.  It also alleged four fraudulent transfer claims, two

based on Illinois law and two based on 11 U.S.C. § 548.  It did not identify any specific transfers

the trustee sought to avoid as fraudulent.  Instead, it alleged only generally that "the Debtors"

made transfers of at least $76,355 between 2013 and 2017.  Complaint, ¶ 38.  In a section of the

complaint applicable to all claims, the trustee stated that he may learn of other transfers during

the 90 day period or other longer periods for which transfer can be avoided.  The trustee then

purported to "reserve his right to amend" the complaint to include additional transfers.

Complaint, ¶ 20.

The amended complaint eliminated the preference claim and the $11,120 of transfers

identified in Exhibit 1.  It consolidated the two original claims for fraudulent transfer based on

constructive fraud into Count 1 and the two original claims for fraudulent transfer based on

actual fraud into count 2.  It alleged that, during the four years between March 24, 2013 and

March 24, 2017, Mack paid the defendants a total of $107,804 as detailed in Exhibit 1.

Amended Complaint ¶ 81.  None of the transfers in the exhibit to the amended complaint was

identified in the exhibit to the original complaint; all were alleged in for the first time in April

2020.

In their motion to dismiss, the defendants argued that the claims based on the new

transfers are barred by the statute of limitations in 11 U.S.C. § 546(a), which required the trustee

to file his claims within two years after the petition was filed (March 24, 2017 for Mack).  They

argued that each transfer is a separate transaction that must be timely pleaded.  They cited only

*Gerardo Leasing* and did not discuss the law of relation back at all.  The trustee did not contest

that the limitations period expired before the amended complaint was filed in April 2020.  He

argued, however, that the amended complaint relates back to the original complaint under Rule

15(c), citing primarily *U.S. Foods*, *Global Link,* and *Maxim Global*.  He contends that the

original complaint alleged that the trustee intended to avoid all transfers within 10 years of the

petition date and that the new transactions were part of the common course of conduct alleged in

the original complaint.

The defendants did not file a reply brief.  They could have made various arguments based

on a number of cases discussed above.  The court will not make arguments for them that they did

not bother to make for themselves.  The trustee's argument that the new transactions relate back

because they are part of the fraudulent scheme he alleged in the original complaint is

unchallenged.  The defendants have conceded the point for purposes of this motion.  Their

motion to dismiss will be denied.[2]

Dated: January 19, 2021                                ENTERED:

Carol A. Doyle
United States Bankruptcy Judge

---

[2]The court does not, however, decide the issue of whether the new transactions relate
back on the merits.  It only denies the motion to dismiss on this basis.