UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

In Re:                                )        BK No.: 17-09308
Mack Industries, Ltd., et al.         )
                                      )
                                      )        Chapter: 7
                                      )        Honorable Carol A. Doyle
                                      )
                                      )
        Debtor(s)                     )

**Order Approving Omnibus Discovery Procedures in Adversary Proceedings**

This matter coming to be heard on the motion (the "Motion") of Subpoena Respondents James H. McClelland and James K. McClelland, for the entry of an Order Establishing Omnibus Procedures (the "Omnibus Procedures") Governing the Involvement of James H. McClelland, James K. McClelland, Keith McClelland, Ann McClelland, Jennifer McClelland, Mallory McClelland, or Wheelhouse Investments ("Insiders") of Mack Industries, Ltd., et al. (the "Debtors") in the various adversary proceedings filed by Ronald R. Peterson, not individually but in his capacity as the trustee for the bankruptcy estates of Mack Industries, Ltd., et al. (the "Trustee").

IT IS ORDERED THAT:

The Motion is granted as follows.

GENERAL MATTERS

1. Applicability to Adversary Proceedings.

This order applies in all adversary proceedings listed in Exhibit 1 ("the Actions"). This Order will be entered in the docket of each adversary proceeding listed in Exhibit 1 and will control over all contrary provisions in any prior order, stipulation or agreement.

2. All depositions will take place via Zoom or other video conferencing service. All persons present with the deponent must be identified during the deposition and appear on video. Depositions may be attended by counsel of record, members and employees of their firms, the parties or the representative of a party, experts or consultants retained by a party, counsel for the deponent, and potential witnesses. While a deponent is being examined about any document stamped confidential or the confidential information contained in the document, persons to whom disclosure is not authorized under an applicable confidentiality agreement or order must be excluded from the deposition.

3. The trustee will pay the court reporters' appearance fees for the Common Issue depositions. The trustee will not pay for Defendants to obtain transcripts of the depositions. The cost of depositions relating to specific Actions will be borne by the noticing party.

4. Unless contrary to an order of the Court, the parties (and, when appropriate, non-party witnesses) may amend the Omnibus Procedures by stipulation.

COMMON ISSUE DEPOSITIONS

5. James H. McClelland ("Jim") asserts that he is the Insider most knowledgeable regarding the operations, ownership, solvency, and financial affairs of the McClellands' companies, including the Debtors, and the Debtors' relationship with American Residential Leasing Company LLC (the "Common Issues"). Jim will be available for deposition by any party with respect to Common Issues for up to of five (5) dates in seven (7) hour sessions, beginning on November 15, 2021.

6. Any party seeking to participate in the depositions of Jim with respect to Common Issues must send notice of its intent to take deposition testimony via electronic mail to the Insiders' counsel, Anthony J. D'Agostino – adagostino@wilfordllp.com, not less than ten (10) days before the first scheduled deposition date on Common Issues.

7. Jim will be deposed by the Trustee on Common Issues followed by the participating Defendants. Nothing in this order bars Jim (or any other Insider) from testifying at a Common Issue deposition as to that Insiders' individual knowledge (or lack thereof) as it relates to the Common Issues, each Defendant, the alleged Transfers, and any defenses to the alleged Transfers that are the subject of the Actions.

8. All attorneys/questioning parties should coordinate with each other to ensure that duplication of questions regarding Common Issues is avoided.

9. If the Trustee or any Defendant gives notice of their intent to depose James K. McClelland or any other Insider (other than Jim) with respect to Common Issues, James K. McClelland and/or the other Insider will provide the noticing party with an affidavit regarding the witness' knowledge, or lack thereof, relating to Common Issues. Notwithstanding such affidavit, the noticing party may proceed with the deposition, subject to the right of the witness to seek a protective order. The deposition of any Insider other than Jim requested with respect to Common Issues will be conducted following the last deposition of Jim on Common Issues. Counsel to the Insiders will provide available dates upon request.

10. At least 3 days prior to any deposition on Common Issues, the Parties will provide copies of exhibits to other parties registered to participate in the deposition. Despite this, a party is not barred from using an exhibit at a deposition if it was not provided before the deposition.

11. At least 3 days prior to any deposition on Common Issues, to the extent possible, counsel for the Insiders, the Trustee and any attending Defendant will attempt to prepare affidavit(s) regarding factual matters, including but not limited to Debtors' operations, ownership, or identify of accounts. The affidavits must be provided to all parties participating in the Common Issue depositions.

INDIVIDUAL INSIDER DEPOSITIONS

12. Debtors' Insiders will be available for deposition by any party with respect to the individual Actions following the Common Issue depositions.

13. Any party seeking to depose one or more of Debtors' Insiders must send notice of its intent to take deposition testimony via electronic mail to the Insiders' counsel, Anthony J. D'Agostino – adagostino@wilfordllp.com, not less than 10 days after the completion of Jim's deposition on Common Issues.

14. Insiders noticed for deposition with respect to the individual Actions will be made available for

deposition dates and times to be determined after Insider's counsel receives all notices for depositions with respect to the individual Actions.

15. The parties seeking individual deposition testimony are encouraged to confer with counsel to the Insiders regarding the Insiders' knowledge, or lack thereof, with respect to particular Defendants, Debtors' business dealings with those Defendants and the Transfers at issue in the various Actions. To the extent possible, Insiders will provide affidavit(s) regarding factual matters relevant to a particular Action and any such affidavit(s) are to be provided to all parties to that Action.  Notwithstanding such affidavit, any party to the Action may proceed with taking deposition testimony, subject to the right of the witness to seek a protective order.

16. Each Insider noticed for deposition with respect to individual Actions will be presented on a date agreed to by all interested parties. Insiders will be deposed on one Action in which a deposition was requested at a time.   Defendants' counsel should agree on the order in which they will take the depositions.

17. All attorneys/questioning parties will coordinate with each other to avoid asking questions asked in the Common Issue depositions.

18. To the extent possible and if not covered by any affidavit prepared in connection with the Common Issues, counsel for the Insiders will attempt to produce affidavit(s) regarding factual matters, including but not limited to Debtors' operations, ownership, identity of accounts, and business dealings with particular Defendants to minimize deposition questioning.

POTENTIAL ADDITIONAL QUESTIONING

19. If, after the conclusion of all Common Issue depositions, any party desires additional time for questioning on Common Issues that have not previously been answered or on information that was not produced in discovery in time to permit the  parties to address it at the depositions, a party may seek additional deposition time.  The parties should attempt to reach agreement on any such request. If no such agreement can be reached, the party seeking additional deposition time must file a motion setting forth the reasons additional time is needed.

20. If, after an Insider has been presented for questioning with respect to individual Actions and any party desires additional time for questioning, the party seeking additional time must seek additional time by agreement of the parties. If no such agreement can be reached, the party will file a motion setting forth the reasons additional time is needed and any unanswered questions by the noticed Insider.

Enter:

Honorable Carol A. Doyle
United States Bankruptcy Judge

Dated:  September 23, 2021

**Prepared by:**

Anthony J. D'Agostino
Attorney for James H. McClelland and James K. McClelland
Wilford LLP
18 E. Dundee Road, Bldg. 6, Ste. 150
Barrington, IL 60010